[Crim. No. 20553. Second Dist., Div. Four. Oct. 21, 1971.]

THE PEOPLE, Plaintiff and Respondent v.
JAMES WILLIAM LINDSEY, Defendant and Appellant.

**COUNSEL**

James William Lindsey, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**OPINION**

**FILES, P. J.**—While an information charging defendant with three felonies was pending, the superior court determined, after a hearing, that defendant was then insane within the meaning of Penal Code sections 1367-1370. On May 21, 1971, the court committed him to a state hospital for care and treatment. Defendant is appealing from that order.

On August 25, 1971, the superior court received notice that the superintendent of the state hospital had certified that defendant had become sane. Pursuant to Penal Code section 1372 defendant was brought back to the court and the criminal charges were set for trial.

The order of commitment made May 21, 1971, is an appealable judgment. (*People* v. *Fields* (1965) 62 Cal.2d 538 [42 Cal.Rptr. 833, 399 P.2d 369, 16 A.L.R.3d 708].) Since a person committed under Penal Code

section 1370 must be held until he becomes sane, such a commitment may result in a permanent deprivation of liberty. In this case the superintendent's certification of sanity terminates the commitment, leaving no prejudicial consequences which could be ameliorated by a successful appeal. This appeal has therefore become moot and must be dismissed.

When a person has been convicted of a crime, the fact that he has served his term of imprisonment does not make the appeal moot, as he is entitled to appeal the conviction for the sake of clearing his name. (*In re Byrnes* (1945) 26 Cal.2d 824, 827 [161 P.2d 376].) This principle was applied in *People* v. *Succop* (1967) 67 Cal.2d 785 [63 Cal.Rptr. 569, 433 P.2d 473] which held that an order committing the defendant civilly as a probable mentally disordered sex offender (former Welf. & Inst. Code, § 5500, now § 6300 et seq.) was reviewable on an appeal from an ensuing criminal judgment, despite the fact that the civil proceedings had been terminated. The court pointed out that the finding was relevant to the question whether probation should be granted, and further that the defendant was entitled to clear his name.

On the other hand, in *In re Katherine R.* (1970) 6 Cal.App.3d 354 [86 Cal.Rptr. 281], an appeal from an order making a minor a ward of the court under Welfare and Institutions Code section 601 was held to be moot when the wardship was terminated by reason of the minor's marriage. The appellate court considered the *Byrnes-Succop* line of cases and distinguished them, pointing out that Katherine had not been found guilty of any crime. The wardship order was based only upon a determination that the minor had been in need of supervision, which order imposed no restraint upon her after her marriage.

In the case at bench the order appealed from determined nothing except that, as of May 1971, defendant was disabled mentally to the extent that it would be unfair to require him to defend himself against the pending charges of crime. This decision did not determine that defendant was insane in any other use of the term, or that he was suffering from any particular type of mental illness or defect. (See *In re Buchanan* (1900) 129 Cal. 330 [61 P. 1120].) The certificate of the superintendent attests that defendant is no longer under such a disability. The law imposes no disadvantageous collateral consequences upon one whose trial has had to be postponed by reason of such a temporary disability. In the event defendant is convicted, the fact that he had been so disabled in May 1971 should not affect the kind of sentence imposed by the trial court. If defendant's mental state is considered in future proceedings, the issue will turn upon what that state is found to be as of the relevant time, and not the fact that an order was made under Penal Code section 1370 last May.

If any social opprobrium is thought to attach by reason of the commitment, that is nothing which is likely to be relieved by an appellate decision. The temporary commitment is nothing from which defendant needs to "clear his name."

The appeal is dismissed.

Kingsley, J., and Dunn, J., concurred.