Filed 6/26/13  P. v. Gillies CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038309 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1119346) |
| v. | |
| KAREN MARIE GILLIES, | |
| Defendant and Appellant. | |

Defendant Karen Marie Gillies was charged with robbery in the second degree. (Pen. Code, § 212.5, subd. (c)).  The court found defendant incompetent to stand trial and ordered her committed to a locked psychiatric facility for a maximum term of no more than three years with zero credits for time served.

Defendant contends:  (1) time in pre-commitment custody should be credited against the maximum term of her commitment; and (2) credit for pre-commitment time should include conduct credit.  After appellant filed her opening brief, the trial court restored defendant's competency.  The respondent contends the appeal is now moot.  We agree and will dismiss the appeal as moot.

PROCEDURAL BACKGROUND

Defendant was charged by felony complaint with one count of robbery in the second degree.  After appointing three psychologists to examine defendant, the court

found her incompetent to stand trial. The court ordered defendant committed to a locked psychiatric facility for a maximum term of three years with zero days credit for time served. After defendant filed this appeal, the trial court restored defendant's competency.[1]

## DISCUSSION

I.      *Determination Whether the Appeal is Moot*

Defendant contends the trial court erred when it ordered zero credits against her maximum commitment to a psychiatric facility. She argues that, in committing her for a maximum term of three years, the court should have included five months of custody credit for time she spent in county jail prior to her commitment. Moreover, she argues that she is entitled to additional conduct credit under Penal Code section 4019.

Respondent disagrees and asserts that the appeal is moot. Respondent claims that the trial court's restoration order, filed after defendant took this appeal, rendered the matter moot.

Defendant argues the matter is not moot because although defendant was restored to competence, we "cannot be sure she will not again be found incompetent sometime between now and the time her case is finally resolved."

"Appellate courts as a rule will not render opinions on moot questions." (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178.) As a general rule, " 'the duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541, quoting *Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863.) Hence, when an event

---

[1] We ordered the record augmented to include the trial court's order of restoration.

renders it impossible for the court to grant the appellant any effectual relief, the court may dismiss the appeal as moot. (*Ibid.*)

*People v. Lindsey* (1971) 20 Cal.App.3d 742, is directly applicable. In *Lindsey,* defendant was found unable to stand trial by reason of insanity and was committed to a state hospital for treatment. (*Id.* at p. 743.) While his appeal was pending, and three months after he was committed to a state hospital, defendant was certified as sane. (*Ibid.*) The appellate court dismissed the appeal as moot and held that the certification of sanity terminates the commitment, "leaving no prejudicial consequences which could be ameliorated by a successful appeal." (*Id.* at p. 744.)

Here, as in *Lindsey*, the trial court found defendant incompetent to stand trial. Defendant appealed, but the trial court restored her to competency while the appeal was pending. Since defendant is no longer committed to a state hospital, an order granting presentence credits against her commitment term would have no effect.

We reject as speculative defendant's argument that the issue is not moot because the trial court may find defendant incompetent again before her case is resolved. "A basic prerequisite to judicial review of administrative acts is the existence of a ripe controversy." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 169.) "[A] controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. [Citation.] It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. " (*Id.* at pp. 170-171.) Accordingly, we decline to address the merits of defendant's appeal.

## DISPOSITION

The appeal is dismissed as moot.

_____

MÁRQUEZ, J.

WE CONCUR:

_____

RUSHING, P.J.

_____

GROVER, J.