Filed 8/27/13  P. v. Aguilera CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F066559 |
| v. | (Super. Ct. No. 12M0020) |
| ANDRES AGUILERA, | **O P I N I O N** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  John G. O'Rourke, Judge.  (Ret. Judge of the Kings Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Paul Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Gomes, Acting P.J., Kane, J., and Detjen, J.

Appellant Andres Aguilera was found not competent to stand trial by the Kings County Superior Court pursuant to Penal Code**1** section 1368, and criminal proceedings were suspended in 2012. He filed the instant appeal in which he challenged the length of his commitment and the sufficiency of the evidence to support a medication order. During the pendency of this appeal, appellate counsel informed us that appellant has since been found competent and criminal proceedings were reinstated. He thereafter entered a plea, admitting to a violation of section 4501.1 (prisoner assault on a nonprisoner), and was sentenced to a prison term on June 28, 2013. Given the current status of this case, we will dismiss this appeal as moot and affirm the judgment.

## DISCUSSION

As a general rule, an appellate court only decides actual controversies. It is not the function of the appellate court to render opinions upon moot questions or abstract propositions, or declare principles or rules of law which cannot affect the matter in issue in the case before it. A case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) Thus, an action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed. (*People v. DeLong* (2002) 101 Cal.App.4th 482, 486; *In re Dani R.* (2001) 89 Cal.App.4th 402, 404.)

*People v. Lindsey* (1971) 20 Cal.App.3d 742 (*Lindsey*) supports a mootness determination here. In that case, the superior court determined after a hearing that a criminal defendant was insane and ordered him committed to a state hospital. The

---

**1**     All further statutory citations are to the Penal Code unless otherwise indicated.

2

defendant appealed the order. During the pendency of the appeal, the defendant was certified as sane and criminal proceedings resumed. (*Id*. at p. 743.) *Lindsey* dismissed defendant's pending appeal of the original commitment as moot because "the superintendent's certification of sanity terminates the commitment, *leaving no prejudicial consequences* which could be ameliorated by a successful appeal." (*Id*. at p. 744, italics added.)

*Lindsey* clearly controls the resolution of appellant's case. Here, as in *Lindsey*, the superior court found defendant was not competent to stand trial, and defendant filed an appeal from the court's judgment on that issue. In the interim, the court revisited the matter, found appellant was restored to competence, and reinstated criminal proceedings. The finding of competency renders this appeal moot.

Appellant opposes dismissal on two grounds. First, he urges "there is always the possibility that doubts will again be expressed as to competency, leading to another commitment, or about his mental status, potentially interfering with his probation." Second, he argues there is a "continuing stigma of once having been found not competent."

Appellant's first argument is meritless given his subsequent plea and prison term sentence. As for his second argument, the court in *Lindsey* rejected an identical contention.

> "The certificate of [sanity] attests that defendant is no longer under … a [mental] disability. *The law imposes no disadvantageous collateral consequences* upon one whose trial has had to be postponed by reason of such a temporary disability.… If defendant's mental state is considered in future proceedings, the issue will turn upon what that state is found to be as of the relevant time, and not the fact that an order was made under … section 1370 [in May 1971]. If any social opprobrium is thought to attach by reason of the commitment, that is nothing which is likely to be relieved by an appellate decision. The temporary commitment is nothing from which defendant needs to 'clear his name.'" (*Lindsey, supra*, 20 Cal.App.3d at pp. 744-745, italics added.)

3

Finally, this court acknowledges it may exercise its discretion to decide the issues raised in this appeal if they involve important issues of public interest that are capable of repetition yet evade review. (See, e.g., *People v. Cheek* (2001) 25 Cal.4th 894, 897-898; *Conservatorship of Wendland* (2001) 26 Cal.4th 519, 524, fn. 1; *In re David H*. (2008) 165 Cal.App.4th 1626, 1634.) We decline to do so in this case, however, because appellant has not identified any important issue of public interest. (See, e.g., *In re Michelle M*. (1992) 8 Cal.App.4th 326, 329.) While appellant challenged the length of his commitment and the sufficiency of the evidence for the court's order for the involuntary administration of psychotropic medication, both orders have expired given the subsequent proceedings in this case.

Therefore, we conclude subsequent events have rendered the present appeal moot. This case is not one where appellant may suffer future collateral disabilities as a result of the challenged ruling. The appropriate remedy is dismissal. (*Lindsey, supra,* 20 Cal.App.3d at p. 744.)

## DISPOSITION

Pursuant to its July 11, 2013, order and no objection having been filed, this court takes judicial notice of the postappeal proceedings in *People v. Aguilera*, Kings County Superior Court, case No. 12CM7310, as described in appellate counsel's July 3, 2013, letter brief. On this court's own motion, the appeal is dismissed as moot. The judgment is affirmed.

4