Filed 2/19/14  P. v. Arcelus CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F066266 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CF06902400) |
| MICHAEL SCOTT ARCELUS, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jon N. Kapetan, Judge.

Paul Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Melissa Lipon, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Poochigian, Acting P.J., Detjen, J., and Franson, J.

# INTRODUCTION

Appellant, Michael Scott Arcelus, was charged with attempted second degree murder (Pen. Code, §§ 664 & 187, subd. (a))[1] and assault on a person with a machine gun (§ 245, subd. (a)(3)). Arcelus was found not guilty by reason of insanity. On September 25, 2007, Arcelus was committed to the California Department of Mental Health and sent to Atascadero State Hospital. Arcelus arrived at Napa State Hospital on April 7, 2010, and since that time until a hearing for community release on November 2, 2012, remained free of psychotic symptoms.

On February 3, 2012, Arcelus filed a petition for release based upon restoration of his sanity pursuant to section 1026.2. This petition was withdrawn by his counsel on February 16, 2012. In August 2012, Dr. Patricia Tyler, a psychiatrist and Medical Director of Napa State Hospital, prepared an assessment and evaluation report recommending that Arcelus be placed in a Community Release Program (CONREP), because he was no longer psychotic. In September 2012, the Central California CONREP Program Clinician, Dr. Thomas Lee, prepared a recommendation that Arcelus be placed on CONREP.

On October 19, 2012, Central California CONREP filed an addendum report withdrawing its request that Arcelus be placed on CONREP. On October 19, 2012, Arcelus's counsel appeared before the trial court, acknowledged that the local CONREP agency had withdrawn its CONREP recommendation, and made a motion "to set a contested hearing." The court granted the motion.

The evidence presented during the hearing from Dr. Patricia Tyler was that Arcelus no longer suffered from a mental illness which had been caused by drug addiction. Arcelus had been drug free since his transfer to Napa State Hospital and had not suffered from paranoia, delusions, or psychosis since May 2010. In addition to being

---

[1]    Unless otherwise noted, all statutory references are to the Penal Code.

2.

free of mental illness, Arcelus was no longer a danger to himself or others. Dr. Tyler's recommendation was to place Arcelus on CONREP.

Central California CONREP rejected CONREP for Arcelus because he was attacked in his own room by another patient. Dr. Tyler testified, however, that the other patient initiated the attack. Without making expressed or implied findings concerning Arcelus's sanity, the trial court denied Arcelus's request for placement into CONREP ─ commenting that it would not give the benefit of the doubt to somebody who committed Arcelus's crime. Arcelus appealed the trial court's denial of CONREP.

On October 3, 2013, while the instant appeal was pending, Fresno Superior Court Judge Houry Sanderson conducted a new hearing and granted Arcelus CONREP. We gave the parties notice of our intention to take judicial notice of this latest development, as well as providing them with an opportunity to address the issue of whether the instant appeal was moot. Appellate counsel replied with a letter stating that he had no objection to this court taking judicial notice of the proceedings before Judge Sanderson and that he had not been informed of them by his client or his client's trial counsel.

On January 29, 2014, we took judicial notice of the proceedings before Judge Sanderson pursuant to Evidence Code section 459, subdivision (d). We conclude that there is no relief we can provide Arcelus that he has not already received and dismiss this appeal as moot.

## MOOTNESS

Appellant contends the trial court abused its discretion in denying the petition for outpatient release. While this appeal was pending, however, the trial court placed Arcelus on CONREP.

The question before this court is whether the instant appeal should be dismissed as moot. As a general rule, appellate courts only decide actual controversies. It is not the function of an appellate court to render an opinion upon a moot question or an abstract proposition. Appellate courts do not declare principles or rules of law which cannot

3.

affect the matter in issue in the case before it. A case is moot when a court ruling can have no practical effect or cannot provide the parties with effective relief. (*People v. Rish* (2008) 163 Cal.App.4th 1370, 1380.)

An action originally based on a justiciable controversy cannot be maintained on appeal if all the issues raised therein have become moot by subsequent acts or events. Reversing such a case would have no practical effect, and the appeal should be dismissed. (*People v. DeLong* (2002) 101 Cal.App.4th 482, 486; *In re Dani R.* (2001) 89 Cal.App.4th 402, 404.)

*People v. Lindsey* (1971) 20 Cal.App.3d 742 (*Lindsey*) is directly on point here. In *Lindsey*, the superior court determined after a hearing that a criminal defendant was insane and ordered him committed to a state hospital. The defendant appealed the order. During the pendency of the appeal, the defendant was certified as sane and criminal proceedings resumed. (*Id.* at p. 743.) The court in *Lindsey* dismissed the defendant's pending appeal of the original commitment as moot because "the superintendent's certification of sanity terminates the commitment, *leaving no prejudicial consequences which could be ameliorated by a successful appeal.*" (*Id.* at p. 744, italics added.)

*Lindsey* clearly controls the resolution of the instant case. Here, as in *Lindsey*, the superior court found appellant was not entitled to release on CONREP, appellant filed an appeal from the court's judgment on that issue, and in the interim, appellant was apparently restored to competency and placed on CONREP. The subsequent proceeding has rendered moot the court's earlier finding on November 2, 2012. This case is not one where appellant may suffer future collateral disabilities as a result of the challenged ruling. The appropriate remedy is dismissal. (*Lindsey, supra,* 20 Cal.App.3d at p. 744.)

## DISPOSITION

This appeal is dismissed as moot.