Filed 8/8/14  P. v. Ellis CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064605 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. MH108867) |
| TAMMY ROSHYN ELLIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Peter L. Gallagher, Judge.  Appeal dismissed.

Laurel M. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

On August 14, 2013, following a proceeding under Penal Code section 1368, the court found Tammy Roshyn Ellis incompetent to stand trial and committed her to Patton

State Hospital for a period not to exceed three years. The commitment order authorized involuntary administration of psychotropic medication.

On September 10, 2013, Ellis filed a notice of appeal.

Ellis appeals contending the court acted unlawfully in authorizing involuntary administration of psychotropic medication. The People have responded in their brief on the merits and in a separate motion to dismiss the appeal as moot. The parties agree that on December 27, 2013, the trial court found Ellis to be competent to stand trial and reinstated criminal proceedings.[1] Ellis agrees the case is moot, in that there is no relief this court can grant her by way of appeal. She contends, however, that this appeal raises issues of constitutional proportion and that such issues may otherwise evade appeal. We will dismiss the appeal.

## DISCUSSION

Where a court ruling will have no practical effect or where the court cannot provide any relief to the parties, such case has become moot. Thus in a case which has become moot pending appeal, the appeal may be dismissed. (*People v. DeLong* (2002) 101 Cal.App.4th 482, 486. In *People v. Lindsey* (1971) 20 Cal.App.3d 742, 744, the court dismissed an appeal where the defendant, who had been committed to the state hospital, had been found able to stand trial and criminal proceedings had been reinstated.

Ellis argues that issues involving involuntary administration of antipsychotic medication may evade appellate review because persons such as Ellis may recover their

---

[1] We grant the People's request to take judicial notice of the superior court minute order dated December 27, 2013.

2

competence before the appeal is resolved. We recognize the court may exercise discretion to review a moot case where the issue is of a recurring nature which might otherwise evade review. However, this is not the case for the exercise of such discretion.

In this case there was no objection in the trial court to the order for involuntary administration of antipsychotic medication. Defense counsel stipulated to the doctor's qualifications and submitted the case without argument or objection. Quite understandably, there was no request to stay the order pending appeal.

While the order in this case is appealable (*People v. Christiana* (2010) 190 Cal.App.4th 1040, 1046-1047), that does not mean direct appeal is the only method available to review an important constitutional issue. If in fact appeal is not an adequate remedy, a defendant can seek writ review. (*Carter v. Superior Court* (2006) 141 Cal.App.4th 992, 996-999.)

In this case Ellis did not seek any remedy to immediately address what she now contends was a gross abuse of her constitutional rights. Indeed, as we have noted, she did not object or request any relief from such order in the trial court.

There may well be circumstances where it would be appropriate to address important issues in cases where the controversy has become moot. This is not such a case.

DISPOSITION

The appeal is dismissed.

                                                        HUFFMAN, J.

WE CONCUR:


        BENKE, Acting P. J.


        O'ROURKE, J.