Filed 2/13/15  P. v. Baker CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ZACH FUCHSER BAKER,<br><br>    Defendant and Appellant. | D065886<br><br><br><br>(Super. Ct. No. MH110020) |

APPEAL from a judgment of the Superior Court of San Diego County, Joseph P. Brannigan, Judge.  Appeal dismissed.

Michele Anne Cella for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Marilyn George and Parag Agrawal, Deputy Attorneys General, for Plaintiff and Respondent.

Zach Fuchser Baker appeals from the trial court's April 18, 2014 judgment finding Baker to be incompetent to stand trial (Pen. Code, § 1369.)[1]  We conclude that Baker's appeal is moot because he has subsequently been found mentally competent to stand trial, and we accordingly dismiss the appeal.

I

FACTUAL AND PROCEDURAL BACKGROUND

Baker was charged on December 12, 2013, with two counts of stalking with a court order in effect (§ 646.9, subd. (b)), and two counts of disobeying a court order (§ 166, subd. (a)(4)).  According to evidence at the preliminary hearing, Baker sent numerous unwanted and threatening e-mails to a female acquaintance (the victim).  The e-mails included suicidal statements as well as statements that could be interpreted as threats to kill the victim.  Baker continued to send threatening e-mails after the victim obtained a restraining order.

At a March 18, 2014 hearing, defense counsel raised questions about Baker's mental competency, and the trial court ordered a psychiatric evaluation pursuant to section 1369, subdivision (a) to determine whether Baker was competent to stand trial.

On April 1, 2014, Dr. Michael M. Takamura performed a psychiatric examination based on the referral from the trial court.  Dr. Takamura concluded that Baker was not competent to stand trial, primarily because he was not capable of rationally cooperating with his attorney.  Dr. Takamura also recommended the involuntary administration of

_____

[1]    Unless otherwise indicated, all further statutory references are to the Penal Code.

antipsychotic medication to Baker and opined that those medications would likely render Baker competent to stand trial.

On April 18, 2014, relying on Dr. Takamura's report, the trial court found that Baker was incompetent to stand trial and entered a judgment of mental incompetency and an order of commitment to Patton State Hospital. (§§ 1369, 1370.) Baker filed a notice of appeal on April 24, 2014, challenging the finding of incompetency.

On August 20, 2014, while this appeal was pending, the trial court found that Baker's mental competency had been restored. According to the respondent's brief, Baker's trial was scheduled to take place on December 1, 2014.

II

DISCUSSION

Baker argues that the trial court was required to appoint two different psychiatrists or psychologists to evaluate his mental competency instead of only one. According to Baker, a second examination was required by section 1369, subdivision (a), which states that "[i]n any case where the defendant or the defendant's counsel informs the court that the defendant is not seeking a finding of mental incompetence, the court shall appoint two psychiatrists, licensed psychologists, or a combination thereof." (*Ibid*.) Baker contends that although defense counsel did not take issue with the finding of mental incompetency in Dr. Takamura's report, Baker himself made statements during the

3

hearing indicating that he objected to being found mentally incompetent.[2]  Baker argues that his statements at the hearing amounted to "the defendant . . . inform[ing] the court that the defendant is not seeking a finding of mental incompetence," triggering the requirement that two different mental health professionals examine him.  (§ 1369, subd. (a).)

The People argue that the appeal should be dismissed because it is moot in light of the subsequent finding that Baker is mentally competent to stand trial.  As we will explain, we agree.

" ' "[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.  A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." ' "  (*People v. Delong* (2002) 101 Cal.App.4th 482, 486.)  As established in *People v. Lindsey* (1971) 20 Cal.App.3d 742 (*Lindsey*), when a defendant is found to be mentally competent after he appeals an earlier finding of mental incompetency, a successful appeal of the earlier mental incompetency finding will no longer afford any

---

2      At the mental competency hearing after the trial court found Baker to be mentally incompetent, but before the trial court made a final decision on committing Baker to Patton State Hospital, Baker stated, "I don't know what your finding is now going to be, but . . . well I'm wondering what the basis is for me being found incompetent to stand trial?"  Baker added, "Well, well, I'm obviously, I'm disagreeing with this, with what's going on. [¶] . . . [¶  I understand perfectly, my criminal case."  Because we dismiss the appeal as moot, we do not resolve the dispute on the merits between Baker and the People as to whether Baker's statements, made near the end of the hearing, were sufficient to trigger the requirement that the trial court appoint two mental health professionals to evaluate Baker.

meaningful relief, and the appeal accordingly becomes moot. As *Lindsey* explained, "[t]he law imposes no disadvantageous collateral consequences upon one whose trial has had to be postponed by reason of such a temporary disability. In the event defendant is convicted, the fact that he had been so disabled . . . should not affect the kind of sentence imposed by the trial court. If defendant's mental state is considered in future proceedings, the issue will turn upon what that state is found to be as of the relevant time, and not the fact that an order was made [regarding his mental incompetency in the past]. If any social opprobrium is thought to attach by reason of the commitment, that is nothing which is likely to be relieved by an appellate decision. The temporary commitment is nothing from which defendant needs to 'clear his name.' " (*Id*. at pp. 744-745.)[3]

We agree with *Lindsey*'s analysis and follow it here.[4] Baker's appeal of the April 18, 2014 mental incompetency finding has been rendered moot by the subsequent

_____

[3] Although the statute governing court proceedings to determine whether a defendant is mentally competent to stand trial has been amended since *Lindsey* was decided in 1971 (§ 1367 et seq.), *Lindsey*'s analysis on the issue of mootness is equally valid under the current version of the statute.

[4] We note that the parties' appellate briefs discuss a case, decertified for publication by our Supreme Court after the briefing of this appeal was complete, which disapproved of *Lindsey* and concluded that an appeal of a mental incompetency finding is not rendered moot when the defendant is subsequently found to have had his mental competency restored. (*People v. De La Rosa* (Sept. 8, 2014, C073061) review denied and opinion ordered nonpub. Dec. 10, 2014, No. S222215.) We do not consider *De La Rosa* in our analysis, as it is no longer good authority. Further, independent of *De La Rosa*, Baker has identified no persuasive ground for us to reject *Lindsey*'s analysis. As in *Lindsey*, we perceive no disadvantageous collateral consequences from the trial court's now-superseded finding of Baker's mental incompetency to stand trial and commitment of Baker to Patton State Hospital that could be cured by an appellate court's reversal of the trial court's finding.

August 20, 2014 finding that Baker is once again competent to stand trial.  We accordingly dismiss the appeal as moot.

## DISPOSITION

The appeal is dismissed as moot.

IRION, J.

WE CONCUR:

McDONALD, Acting P. J.

O'ROURKE, J.