Filed 3/11/15  P. v. Samuelson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065724 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. MH109691, SCS269143) |
| LUCINA SAMUELSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Joseph P. Brannigan, Judge.  Dismissed.

Alfons G. Wagner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette C. Cavalier and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

After finding Lucina Samuelson incompetent to stand trial, the trial court suspended criminal proceedings, committed Samuelson to Patton State Hospital, and

ordered involuntary administration of antipsychotic medication. Samuelson appealed, contending the trial court erred in ordering involuntary administration of antipsychotic medication. While this appeal was pending, however, the trial court found Samuelson competent to stand trial and reinstated criminal proceedings. The People contend that because she has been released from the hospital, the appeal has become moot and must be dismissed.

I

FACTUAL AND PROCEDURAL BACKGROUND

On December 14, 2013, Samuelson allegedly stabbed her victim multiple times with scissors, while yelling "kill, kill." On December 18, the San Diego District Attorney filed a complaint charging Samuelson with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)),[1] battery resulting in serious bodily injury (§ 243, subd. (d)), stalking with a court order in effect (§ 646.9, subd. (b)), vandalism over $400 (§ 594, subds. (a), (b)(1)), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and disobeying a court order (§ 166, subd. (a)(4)). On December 27, the trial court suspended criminal proceedings pursuant to section 1368, and scheduled a mental competency examination.

On February 14, 2014, the court found Samuelson incompetent to stand trial and ordered her committed to Patton State Hospital. On February 20, the court ordered the

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

hospital to administer antipsychotic medication.  Samuelson appealed the order requiring involuntary administration of antipsychotic medication.

On September 29, 2014, during the pendency of the appeal, the trial court found Samuelson's mental competency restored pursuant to section 1372, and reinstated criminal proceedings.  Samuelson is now in the custody of the San Diego Sheriff's Office, awaiting further proceedings.

II

DISCUSSION

Samuelson contends the trial court erred in ordering that she could be involuntarily medicated with antipsychotic drugs.  Because she has been restored to competency and is no longer committed to Patton State Hospital, however, her challenge to the February 20, 2014, involuntary medication order is now moot.

" ' "[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.  A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed."  [Citation.]' "  (*People v. DeLong* (2002) 101 Cal.App.4th 482, 486.)

In *People v. Lindsey* (1971) 20 Cal.App.3d 742, the trial court found the defendant incompetent to stand trial and committed him to a state hospital for care.  (*Id.* at p. 743.)  The defendant appealed the order of commitment.  (*Ibid.*)  While the appeal was pending, however, the court received notice of the defendant's competency.  (*Ibid.*)  Emphasizing the competency certification terminated the commitment and left no prejudicial consequences that might be ameliorated by a successful appeal, the appellate court found

3

the issue had become moot and dismissed the appeal.[2] (*People v. Lindsey, supra,* 20 Cal.App.3d at p. 744.)

Here, like in *Lindsey*, the competency certification terminated Samuelson's commitment and left no prejudicial consequences that might be ameliorated by a successful appeal. Her restoration to competency renders moot her challenge to the trial court's order.[3]

Samuelson alternatively contends that, regardless of whether the appeal is moot, this court should exercise its discretion to consider the merits because the issue raised involves a matter of public interest that is likely to recur but evades review. She identifies the error at issue to be the trial court's failure to follow the requirements of section 1370 in ordering the involuntary administration of antipsychotic medication, and asserts the order invades a constitutionally protected liberty interest in avoiding the unwanted administration of medication under the due process clause of the Fourteenth Amendment.

"If an action involves a matter of continuing public interest and the issue is likely to recur, a court may exercise an inherent discretion to resolve that issue, even though an

[2]     Although the statute governing court proceedings to determine whether a defendant is mentally competent to stand trial has been amended since *Lindsey* was decided in 1971 (§ 1367 et seq.), *Lindsey*'s analysis on the issue of mootness is equally valid under the current version of the statute.

[3]     The parties' appellate briefs discuss a case, decertified for publication by our Supreme Court after briefing for this appeal was complete, that disapproved of *Lindsey*. (*People v. De La Rosa* (Sept. 8, 2014, C073061) review denied and opinion ordered nonpub. Dec. 10, 2014, No. S222215.) We do not consider *De La Rosa* in our analysis, as it is no longer good authority.

event occurring during its pendency would normally render the matter moot." (*Liberty Mut. Ins. Co. v. Fales* (1973) 8 Cal.3d 712, 715-716.) Here, Samuelson chose to oppose the order by way of direct appeal, a path that is indeed permissible. (*People v. Christiana* (2010) 190 Cal.App.4th 1040, 1045.) It may have been more practicable, however, to oppose the time-sensitive claim by way of a writ proceeding. In *Carter v. Superior Court* (2006) 141 Cal.App.4th 992, the defendant "filed a writ petition challenging the trial court's medication order and asking that the order be stayed pending [the] decision." (*Id.* at p. 998.) The appellate court stayed the order and the defendant then successfully argued the evidence was insufficient to justify involuntary administration of antipsychotic drugs. (*Id.* at pp. 998-999.)

As in *Carter*, Samuelson could have avoided mootness, and possibly obtained her desired relief, by choosing to oppose the order by way of a writ proceeding. Because the issue does not apparently evade review, this court declines to exercise its discretion to consider the merits of the appeal.

### DISPOSITION

The appeal is dismissed as moot.


McDONALD, J.

WE CONCUR:


McCONNELL, P. J.


NARES, J.