Filed 10/14/22 P. v. Denson CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C094804 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF21-00717-MH & CRF21-00884-MH) |
| v. | |
| JOSEPH WILLIAM DENSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Joseph William Denson asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  We will dismiss the appeal as moot.

1

BACKGROUND

In April 2021, defendant was charged in case No. CRF21-00717-MH with first degree burglary with a person present (Pen. Code, §§ 459, 462, subd. (a))[1] and assault with a deadly weapon (§ 245, subd. (a)(1)).

In May 2021, defendant was charged in case No. CRF21-00884-MH with unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)) and second degree burglary (§ 459).

In June 2021, the court found defendant not mentally competent to stand trial and in July 2021 ordered him committed to the State Department of State Hospitals.

In September 2021, defendant timely appealed.

During the pendency of his appeal, defendant was restored to competency and entered a stipulated plea of no contest to assault with a deadly weapon in case No. CRF21-00717-MH and unlawfully driving or taking a vehicle in case No. CRF21-00884-MH. In April 2022, the court dismissed the remaining counts in both cases and sentenced defendant to 2 years and 16 months, respectively. The court ordered defendant released on parole, as his custody and conduct credits exceeded the sentences imposed.

DISCUSSION

" ' "[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." ' " (*People v. DeLong* (2002) 101 Cal.App.4th 482, 486.) When a defendant is found to be mentally competent, a successful appeal of an earlier

---

[1] Undesignated statutory references are to the Penal Code.

incompetency finding will no longer afford meaningful relief and the appeal accordingly becomes moot. (*People v. Lindsey* (1971) 20 Cal.App.3d 742, 744.)

We conclude defendant's appeal must be dismissed as moot.

DISPOSITION

The appeal is dismissed.

　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　HOCH, J.

We concur:

/s/_____
MAURO, Acting P. J.

/s/_____
BOULWARE EURIE, J.