Filed 6/1/23  P. v. Turner CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CURTIS MARQUIS TURNER,<br><br>        Defendant and Appellant. | A164858<br><br>(Contra Costa County<br>Super. Ct. No. 2-334434-8) |

Defendant Curtis Turner appeals from an order finding him not competent to stand trial and committing him to the Department of State Hospitals (DSH) pursuant to Penal Code section 1367 et seq.[1]  His appointed counsel has filed a brief raising no issues, asking us to consider his appeal as prescribed in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*).  Our review of the record leads us to conclude that the appeal is moot, and we therefore dismiss it.

**BACKGROUND**

On May 4, 2021, the Contra Costa County District Attorney filed a felony complaint charging Turner with indecent exposure – unlawful entry (§ 314, subd. (1)) (count 1); carrying a dirk or dagger (§ 21310) (count 2); and simple battery (§§ 242/243, subd. (a)) (count 3).  The complaint also alleged

---

[1] Undesignated statutory references are to the Penal Code.

1

that Turner committed the charged offenses in violation of a grant of probation and a grant of mandatory supervision (§ 1203.3).

On May 14, defense counsel declared a doubt about Turner's competency. The trial court suspended criminal proceedings and, on May 19, appointed two psychologists pursuant to section 1368 to evaluate Turner's competence —Dr. Marlin Griffith and Dr. Alexis Smith—with written reports due July 1. Dr. Griffith opined that Turner was a "mentally competent individual," and Dr. Smith found that Turner was "likely competent to stand trial." The record does not reflect that the trial court made any findings based on these reports, and at a December 1 hearing, the trial court noted that the issue of Turner's competency was "still unresolved."

On January 6, 2022, pursuant to the parties' request, the court reappointed Dr. Smith to again evaluate Turner's competence. On February 14, Dr. Smith submitted a written report noting that in her June 2021 evaluation of Turner, she had been "equivocal about his competency to stand trial," observing that "[h]is mental state appears to have deteriorated significantly since he was seen several months ago," and concluding that Turner "should be adjudicated incompetent to stand trial."

On February 16, after the parties submitted on the psychologists' reports, the trial court found Turner incompetent and referred the matter to the Contra Costa Conditional Release Program (CONREP) for a placement evaluation.

On March 2, the trial court indicated that it had received CONREP's recommendation that Turner be referred to DSH for competency training. The parties submitted on the recommendation, and the trial court ordered Turner committed to DSH for two years for competency training and treatment.

On March 3, Turner filed a notice of appeal from the trial court's finding of incompetence and commitment to DSH.

On November 1, while this appeal was pending, the trial court found Turner competent to stand trial and reinstated criminal proceedings.[2]

On November 15, pursuant to a plea agreement, Turner pled no contest to carrying a dirk or dagger, and the remaining charges were dismissed. The trial court sentenced Turner to the midterm of two years, and awarded him 602 days of actual credit and 602 days of conduct credit, meaning that the two-year sentence was deemed served and Turner was ordered released.

Turner's appointed counsel has filed a brief raising no issues and asks us to consider his appeal pursuant to *Ben C.*, *supra*, 40 Cal.4th 529. Turner was advised of his right to file a supplemental brief but has not done so.

## DISCUSSION

Turner's counsel acknowledges our Supreme Court's decision in *Ben C.*, which held that review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) is inapplicable to appeals of Lanterman-Petris-Short Act conservatorship proceedings (Welf. & Inst. Code, § 5000 et seq.). (*Ben C.*, *supra*, 40 Cal.4th at pp. 538–543.) Counsel also points us to *People v. Blanchard* (2019) 43 Cal.App.5th 1020 (*Blanchard*), in which Division Three of this court, relying on *Ben C.* and other relevant cases, concluded that due process does not require independent review in incompetency commitment proceedings such as these. (*Blanchard*, *supra*, 43 Cal.App.5th at pp. 1024–1025.) The *Blanchard* court explained that in appeals in such proceedings, appointed counsel should follow the process identified in *Ben C.* by filing a brief setting

---

[2] On April 3, 2023, the record on appeal was augmented with the transcripts of the November 1 and November 15 hearings. (See California Rules of Court, rule 8.340.)

forth the relevant facts and law and informing the court that he or she has found no arguable issue to be pursued on appeal. Such a brief, the court stated, provides an adequate basis for dismissal. (*Blanchard*, at pp. 1025–1026.) Counsel asks that we "at the very least, conduct the level of review prescribed . . . in *Ben C.*"

In any event, we need not resolve whether independent review of the record under *Wende* and *Ben C.* is appropriate because we conclude that this appeal is moot.

" ' "[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." ' " (*People v. Delong* (2002) 101 Cal.App.4th 482, 486 (*Delong*).) In the criminal context, review is permitted where the defendant who has completed his or her sentence has an interest in clearing his or her name or where, as a result of the sentence, the law imposes "disadvantageous collateral consequences" on the defendant. (*People v. Lindsey* (1971) 20 Cal.App.3d 742, 744 (*Lindsey*); 16 Witkin & Epstein, Cal. Criminal Law (4th ed. 2022) Criminal Appeal, § 187.)

In *Lindsey*, *supra*, 20 Cal.App.3d 742, the defendant had been found insane within the meaning of section 1367 et seq. The court suspended criminal proceedings and committed the defendant to a state hospital for care and treatment. (*Lindsey*, at p. 743.) The defendant appealed the finding of insanity, but, during the pendency of the appeal, he was certified to have become sane and was returned to the court, where the criminal charges were set for trial. (*Ibid.*) The appellate court, holding that the appeal was moot, observed: "The certificate of [sanity] . . . attests that defendant is no longer

4

under . . . a [mental] disability.  The law imposes no disadvantageous collateral consequences upon one whose trial has had to be postponed by reason of such a temporary disability . . . .  If defendant's mental state is considered in future proceedings, the issue will turn upon what that state is found to be as of the relevant time, and not the fact that an order was [previously] made under . . . section 1370.  If any social opprobrium is thought to attach by reason of the commitment, that is nothing which is likely to be relieved by an appellate decision.  The temporary commitment is nothing from which defendant needs to 'clear his name.' " (*Lindsey*, *supra*, 20 Cal.App.3d at pp. 744–745; see *Delong*, *supra*, 101 Cal.App.4th at p. 489.)

Here, the February 16, 2022 incompetence finding and subsequent commitment impose no disadvantageous collateral consequences on Turner; they caused a temporary delay in the disposition of his criminal case while his competency was being restored.  The criminal case has since been resolved and Turner has been released.  No meaningful relief can be effectuated through a review of the incompetency finding and commitment and so this appeal is moot. (*Lindsey*, *supra*, 20 Cal.App.3d at pp. 744–745.)

## DISPOSITION

The appeal is dismissed.

_____
Richman, J.

We concur:

_____
Stewart, P.J.


_____
Markman, J. *


*People v. Turner* (A164858)

*Superior Court of Alameda County, Judge Michael Markman, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.