Filed 9/25/24  P. v. Booker CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROSHA LAFAYE-DENISE BOOKER,<br><br>    Defendant and Appellant. | A168982<br><br>(Contra Costa County Super. Ct. Nos. 04002034445, 04002037836, 04002034627, 04002035210, 04002037331, 042200261, 042201244) |

Rosha Lafaye-Denise Booker appeals two orders from the trial court:  (1) a July 25, 2023 order terminating her participation in diversion; and (2) an August 21, 2023 commitment order finding her incompetent to stand trial (IST).

Citing *People v. Wende* (1979) 25 Cal.3d 436, *People v. Blanchard* (2019) 43 Cal.App.5th 1020, and *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, Booker's appointed counsel filed a brief summarizing the facts and asking this court to independently review the record to identify any issues warranting relief.  This court notified Booker of her opportunity to file a supplemental brief raising any issues she wished the court to consider; she has not done so.

1

While the order committing Booker as IST may be appealed (*People v. Christiana* (2010) 190 Cal.App.4th 1040, 1045 ["an order determining the defendant to be incompetent and committing him to a state hospital is appealable as a final judgment in a special proceeding"])[1], it is less clear that the order terminating Booker's diversion is appealable. Assuming arguendo that it is, we nonetheless dismiss Booker's appeal as to the order terminating her diversion as untimely. We also dismiss her appeal regarding the commitment order on the basis that it has been mooted by subsequent events.

## DISCUSSION

Between January and November 2022, the People filed seven cases against Booker, charging her with approximately 20 misdemeanor and felony offenses ranging from petty theft to second degree robbery. We summarize only the most relevant portions of the procedural history relating to these cases.

Based on her cognitive developmental disability, the trial court ordered Booker to participate in a diversion program pursuant to Penal Code section 1001.21 et seq. On July 7, 2023, however, Booker was discharged from her residential placement after stealing and using another resident's credit card. On July 25, 2023, the court terminated Booker's diversion as unsuccessful, based on its finding that Booker had only "very, very short stints of success," notwithstanding the Regional

---

[1] *People v. Christiana* was partly superseded by statute on another point as explained in *People v. Lameed* (2016) 247 Cal.App.4th 381, 396, footnote 3 [describing a subsequent amendment to section 1370 not at issue in this case]).

2

Center of the East Bay's "extraordinary efforts" to get her on track.

Having found Booker incompetent to stand trial, the court on August 21, 2023 ordered her to undergo treatment at Porterville Development Center until she was restored to competency.

In January 2024, the court found Booker restored to competency and reinstated criminal proceedings pursuant to Penal Code section 1372. Shortly thereafter, Booker agreed to plead no contest to four charges in exchange for dismissal of the remaining charges and a two-year term of felony probation, including the requirement that she comply with mental health treatment as directed by the probation department.

Having reviewed the record, we conclude that Booker has not timely appealed the July 25, 2023 order terminating her diversion as unsuccessful. (Cal. Rules of Court, rule 8.406(a) [notice of appeal must generally be filed within 60 days of the order or judgment being appealed].) We further conclude that any alleged error in committing Booker pursuant to Penal Code section 1368 was mooted by the court's subsequent order finding her restored to competency and reinstating proceedings that resulted in a favorable disposition of her numerous pending cases. (*People v. Lindsey* (1971) 20 Cal.App.3d 742, 744 [when a defendant is found to be mentally competent, appeal of an earlier incompetency finding is generally moot]; cf. *J.J. v. Superior Court* (2021) 65 Cal.App.5th 222, 229 [juvenile's challenge to order committing him as incompetent rendered moot by dismissal of

3

delinquency petition, but court nonetheless exercised discretion to decide issues of first impression].)

## DISPOSITION

The appeal is dismissed.

BROWN, P. J.

WE CONCUR:

STREETER, J.
DOUGLAS, J.*

*People v. Booker*  (A168982)

---

* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.