Filed 11/5/25  P. v. Denson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C101652 & C102294 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF-23-03066-MH2) |
| v. | |
| JOSEPH WILLIAM DENSON, | |
| Defendant and Appellant. | |

Defendant Joseph William Denson appeals after the trial court found him incompetent and committed him to the Department of State Hospitals.  Appointed counsel for defendant filed an opening brief under *People v. Wende* (1979) 25 Cal.3d 436 and, alternatively, *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, setting forth the facts of the case and seeking independent review of the record on appeal.  For the reasons explained below, we will dismiss the appeal as moot.

FACTUAL AND PROCEDURAL BACKGROUND

In 2023, the People charged defendant with felony resisting arrest (Pen. Code, § 69; count 1), misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 2), and alleged a prior serious felony enhancement.

1

In July 2024, the trial court found defendant was not mentally competent to stand trial. In August 2024, the court committed defendant to the Department of State Hospitals.

Defendant timely filed three notices of appeal, one challenging the trial court's July 2024 competency ruling, one challenging its August 2024 commitment ruling, and one challenging the resulting commitment order and subsequent amended commitment orders filed as a result of the August 2024 commitment hearing.

In October 2024, the trial court deemed defendant competent to stand trial. Defendant later pled no contest to both counts and admitted the prior serious felony enhancement. The trial court sentenced defendant to 32 months in state prison.

We directed the parties to file supplemental briefs on whether this court has jurisdiction to conduct an independent review of the record for error occurring after the filing of defendant's three notices of appeal, which challenged only the trial court's rulings from the July 2024 competency hearing and the August 2024 commitment hearing.

## DISCUSSION

Defendant concedes he did not appeal the trial court's judgment. He further acknowledges this court is without jurisdiction to review matters that occurred after the three appealed orders—including the judgment. However, defendant claims his sentence is unauthorized. As such, he claims the unauthorized sentence rule is an exception that gives this court jurisdiction to correct the sentence. We conclude the appeals are moot and this court is without jurisdiction to address any matters arising from the judgment because defendant did not appeal the judgment.

## I

### *Mootness*

" ' "[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.

2

A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." ' " (*People v. DeLong* (2002) 101 Cal.App.4th 482, 486.)  When a defendant is found to be mentally competent, a successful appeal of an earlier incompetency finding will no longer afford meaningful relief, and the appeal accordingly becomes moot.  (*People v. Lindsey* (1971) 20 Cal.App.3d 742, 744.)  Here, defendant was restored to competency in October 2024.  As such, the appeals have been rendered moot.

## II

### *Jurisdiction*

The unauthorized sentence rule generally permits a defendant to challenge an unauthorized sentence on appeal in the first instance.  (*In re G.C.* (2020) 8 Cal.5th 1119, 1129.)  This rule is an exception to the waiver doctrine, not to the jurisdictional requirement of filing a timely notice of appeal.  (*Ibid*.)  A timely notice of appeal is " 'essential to appellate jurisdiction.' " (*Id*. at p. 1127.)  For the reasons explained above, defendant's appeals related to the competency proceedings are moot.  Therefore, this court is without jurisdiction to correct any error stemming from the judgment because defendant did not file a timely appeal challenging the judgment.  The unauthorized sentence rule cannot serve to remedy this defect.  (*Id.* at p. 1130.)

## DISPOSITION

The appeal is dismissed.

\s\
Krause, Acting P. J.

We concur:

\s\
Mesiwala, J.

\s\
Wiseman, J.*

---

*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.