Filed 12/19/25  P. v. Walker CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KELBY LEECURNEL WALKER,<br><br>        Defendant and Appellant. | A171902<br><br>(Contra Costa County Super. Ct. No. 02-24-01051) |

Kelby Leecurnel Walker appeals the trial court's November 5, 2024 commitment order finding him incompetent to stand trial (IST) pursuant to Penal Code section 1370 et seq.[1]  Citing *People v. Wende* (1979) 25 Cal.3d 436 and *In re Conservatorship of Ben C.* (2007) 40 Cal.4th 529, Walker's appointed counsel filed a brief summarizing the facts and asking this court to independently review the record to identify any issues warranting relief.  This court notified Walker of his opportunity to file a supplemental brief raising any issues he wished the court to consider; he has not done so.

---

[1] All further undesignated statutory references are to the Penal Code.

1

Upon our review of counsel's brief and the record, we dismiss this appeal because it has been mooted by subsequent events.

## DISCUSSION

In August 2024, Walker was charged by complaint with one felony count of receiving stolen property (a motor vehicle), in violation of section 496d, subdivision (a), and one felony count of unlawful taking or driving of a motor vehicle, in violation of Vehicle Code section 10851, subdivision (a). Shortly after arraignment, Walker's counsel expressed a doubt as to Walker's competency and the court appointed two doctors to assess Walker and provide reports pursuant to section 1369. Based on those reports and the parties' stipulation that the court could decide the question of competency, the court found Walker IST. On November 5, 2024, the court ordered him committed to the Department of State Hospitals (DSH) for a maximum period of two years. On the same day, Walker's counsel filed a notice of appeal from the commitment order.

On December 11, 2024, DSH certified that Walker had regained competency and criminal proceedings were thereafter reinstated. Walker ultimately entered a guilty plea to the Vehicle Code section 10851, subdivision (a) count and admitted a prior conviction pursuant to section 666.5, and the court sentenced him to two years, with credit for 208 actual days in custody and 208 conduct credits.

An order committing a defendant as IST may be appealed (*People v. Christiana* (2010) 190 Cal.App.4th 1040, 1045 ["an

2

order determining the defendant to be incompetent and committing him to a state hospital is appealable as a final judgment in a special proceeding"]).  But this appeal has been mooted by the court's subsequent reinstatement of criminal proceedings and the resulting disposition.  (*People v. Lindsey* (1971) 20 Cal.App.3d 742, 744 [when a defendant is found to be mentally competent, appeal of an earlier incompetency finding is generally moot]; cf. *J.J. v. Superior Court* (2021) 65 Cal.App.5th 222, 229 [juvenile's challenge to order committing him as incompetent rendered moot by dismissal of delinquency petition, but court nonetheless exercised discretion to decide issues of first impression].)

## DISPOSITION

The appeal is dismissed.

BROWN, P. J.

WE CONCUR:

STREETER, J.
GOLDMAN, J.

*People v. Walker*  (A171902)