Filed 2/25/26  P. v. Zaragoza CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL ZARAGOZA,<br><br>          Defendant and Appellant. | A171940<br><br>(Contra Costa County Super. Ct. Nos. 022401003, 022200533) |

**MEMORANDUM OPINION[1]**

In August 2024, Zaragoza was charged with two counts of first degree burglary (Pen. Code,[2] § 459), driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a)), receiving a stolen motor vehicle (§ 496d, subd. (a)), and escape (§ 4532, subd. (b)(1)).  The complaint further alleged as to all counts that Zaragoza committed the offenses while on bail (§ 12022.1).  As to the burglary counts, it was alleged that Zaragoza had committed the burglaries while a person was present (§ 462, subd. (a)), and

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1.

[2] All undesignated statutory references are to the Penal Code.

that the offenses were violent felonies (§ 667.5, subd. (c)). As to the vehicle-related counts, it was alleged that Zaragoza had a prior auto theft conviction (§ 666.5).

In September 2024, the trial court declared a doubt as to Zaragoza's mental competency. After receiving a report from the expert appointed to evaluate Zaragoza, the trial court found Zaragoza incompetent to stand trial and referred him to the appropriate agencies for reports regarding placement. Resolving this appeal does not require us to discuss the underlying facts or the details of Zaragoza's mental condition.

In November 2024, the trial court issued an order committing Zaragoza to the Department of State Hospitals for a period of up to two years and authorizing the administration of antipsychotic medication to Zaragoza as needed, including on an involuntary basis.

Zaragoza appeals from the trial court order authorizing the involuntary administration of antipsychotic medication. He argues, among other claims, that the entry of an involuntary medication order without an evidentiary hearing violated his rights to due process and equal protection.

In May 2025, while the appeal was pending, Zaragoza was restored to competency. His commitment and the related involuntary medication order were terminated and criminal proceedings were reinstated. Less than one month later, Zaragoza pled no contest to one count of burglary in exchange for probation and 270 days in county jail.

After Zaragoza's opening brief was filed, the Attorney General moved to augment the record with documents reflecting these changed circumstances and argued that the appeal should be dismissed as moot. Zaragoza agrees that the appeal is now moot. (See *People v. Lindsey* (1971) 20 Cal.App.3d 742, 743–744 [once a defendant has been restored to competency and criminal proceedings are reinstated, appeal from the incompetency finding and commitment becomes moot].) He argues, however, that this court should exercise its discretion to consider the merits of the appeal because it presents important constitutional questions that may recur in the future but are likely to evade appellate review.[3]

As Zaragoza notes, "we have inherent discretion to resolve an appeal on the merits where 'the issues in [the] case are of public interest, will continue to evade review, and are likely to recur, both in general and as to the petitioner specifically.'" (*Conservatorship of K.Y.* (2024) 100 Cal.App.5th 985, 989.) Although we agree with Zaragoza that this appeal raises serious issues affecting the public interest that are likely to recur, we are not persuaded that they are likely to evade review. Zaragoza writes that "defendants in incompetent to stand trial cases often regain mental competency before their cases are decided by the reviewing courts. Thus, appellate review is often a meaningless

---

[3] Zaragoza implicitly acknowledges that the additional arguments asserted in his opening brief—that the order is not supported by substantial evidence and is unlawful because it is not limited to one year—do not warrant consideration by this court.

process and fundamental issues, such as involuntary medication, repeatedly go unaddressed." Zaragoza recognizes, however, that in *People v. Lewis* (2025) 111 Cal.App.5th 1078, issued after his opening brief was filed, Division Two of this court rejected on the merits claims that are essentially identical to those Zaragoza advances here—that "the trial court violated [the defendant's] rights to due process and equal protection when it issued the involuntary medication order without first affording [the defendant] an evidentiary hearing." (*Id.* at p. 1086.) Zaragoza does not attempt to distinguish *Lewis* in any meaningful way and instead argues that it was wrongly decided. While we offer no opinion on the merits of his argument, we note that the recent publication of an opinion deciding the precise issues raised in this appeal undermines Zaragoza's claim that the issues are likely to evade review. In this case, Zaragoza happened to regain competency relatively quickly and he fails to show that future appeals raising similar issues are likely to become moot.

## DISPOSITION

The appeal is dismissed as moot.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.

4