Filed 9/1/16  P. v. Johnson CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B266775 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA417798) |
| v. | |
| LEO JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig E. Veals, Judge.  Affirmed and Dismissed.

Maxine Weksler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Leo Johnson was charged by information with two counts: criminal threats (Pen. Code, § 422, subd. (a)),[1] and resisting an executive officer (§ 69). According to testimony at his preliminary hearing, defendant threatened to assault Laura Martinez, the manager of a Jack-in-the-Box restaurant, because defendant was dissatisfied with the preparation of his two chicken sandwiches and believed Martinez was racist. When Los Angeles Police Officer Carlos Gonzalez and his partner tried to take defendant into custody, defendant physically resisted.

In October 2013, defendant was granted pro. per. status, which was revoked in January 2014. His appointed counsel declared a doubt as to his competency to stand trial, and criminal proceedings were suspended. In August 2014, defendant was declared competent, criminal proceedings were reinstated, and his pro. per. status was restored. However, in September 2014, following defendant's disruptive behavior, the court again revoked his pro. per. status. His reappointed attorney declared a doubt as to his competence. On February 5, 2015, the court declared defendant incompetent to stand trial, and suspended criminal proceedings for a second time.

On March 6, 2015, this court accepted for filing defendant's notice of appeal from the order finding him incompetent. Such an order is appealable if it is a final order in a special proceeding. (See *People v. Fields* (1965) 62 Cal.2d 538, 540.) However, the record fails to reflect any further action in this court on that appeal.

In June 2015, defendant was declared competent, and criminal proceedings were reinstated. On September 22, 2015, after a jury trial had commenced, defendant accepted a negotiated disposition. The information was amended to allege two misdemeanor counts, disturbing the peace (§ 415, subd. (1)) as count 4 and resisting an officer (§ 148, subd. (a)(1)) as count 5. Defendant pled no contest

---

[1]     Undesignated section references are to the Penal Code.

to those misdemeanor charges. On September 24, 2015, defendant moved to set aside his plea. The court denied the motion, and pursuant to the plea agreement, sentenced him to 90 days in county jail on count 4 and 365 days in county jail on count 5, with credit for 1,329 days (632 days in actual custody, 632 days good time/work time, and 65 days in a state mental facility). The felony counts were dismissed, and he was released from custody.

Following his sentencing, defendant did not seek a certificate of probable cause under section 1237.5, which is a prerequisite to an appeal following a guilty or no contest plea, nor did he file a purported notice of appeal from the judgment. The only notice of appeal in the record is from the February 5, 2015 order declaring him incompetent to stand trial.

Appointed counsel on appeal filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, asking that we independently review the record to determine if any arguable issues exist. By letter directed to defendant's last known address, he was informed that he could file a supplemental brief. No supplemental brief was filed. We have independently reviewed the record, and conclude there are no arguable issues. To the extent this purports to be an appeal of the judgment following defendant's no contest plea, it is dismissed. To the extent it purports to be an appeal from the February 5, 2015 order declaring defendant incompetent to stand trial, we affirm the order.

## DISPOSITION

The order of February 5, 2015 declaring defendant incompetent to stand trial is affirmed.  To the extent this purports to be an appeal from the judgment following defendant's no contest plea, the appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


COLLINS, J.

4