Filed 12/8/20  P. v. Stemwedel CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COURT OF APPEAL, FOURTH APPELLATE DISTRICT

# DIVISION ONE

# STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077506 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. MH116418) |
| JOHN STEMWEDEL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Cindy Davis, Judge.  Appeal Dismissed.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

John Stemwedel appeals from a judgment[1] finding him to be mentally incompetent to stand trial pursuant to Penal Code section 1368 et seq.[2]  On appeal, Stemwedel's appointed counsel raises no arguable issues, but requests that we exercise our discretion to conduct an independent review of the record.  However, we agree with the reasoning of *People v. Blanchard* (2019) 43 Cal.App.5th 1020 (*Blanchard*), which concluded that the procedures set forth in *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) do not apply to mental competency proceedings.  Accordingly, we dismiss this appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2019, Stemwedel was in custody at the San Diego Central Jail when, on three separate occasions, he threw urine, feces, and other unidentified liquids at correctional officers.  Thereafter, the People filed a felony complaint charging Stemwedel with three counts of "gassing" pursuant to section 243.9, subdivision (a).

During Stemwedel's preliminary hearing, defense counsel informed the court that based on Stemwedel's behavior and statements, counsel had doubts regarding Stemwedel's competency and asked that proceedings be suspended.  The trial court acknowledged counsel's concerns and ordered the proceedings to be suspended to allow for an evaluation of Stemwedel pursuant to section 1368.

---

[1]   An order adjudicating a defendant to be incompetent to stand trial constitutes a final judgment in a special proceeding and is immediately appealable.  (*People v. Fields* (1965) 62 Cal.2d 538, 542.)

[2]   Unless otherwise specified, all subsequent statutory references are to the Penal Code.

2

Thereafter, two psychiatrists submitted reports opining that Stemwedel was mentally incompetent. At the competency hearing, Stemwedel's counsel waived a jury trial and submitted on the findings of the psychiatrists. The People submitted on the reports and offered no other evidence or opposition to a finding of incompetency.

The trial court agreed with the findings of the psychiatrists and found Stemwedel to be not legally competent to stand trial. The court committed Stemwedel to a state hospital and authorized the involuntary administration of antipsychotic medication if Stemwedel did not consent. Stemwedel filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Stemwedel on appeal. His counsel filed a brief summarizing the facts and proceedings below. In his brief, counsel states that he found no arguable issues, but nevertheless requests that we exercise our discretion to independently review the record on appeal.

Counsel notes the Supreme Court's decision in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*), which held that the *Anders/Wende* independent review procedures do not apply to civil commitments pursuant to the Lanterman-Petris-Short (LPS) Act (Welf. & Inst. Code, §§ 5000 et seq.). (*Ben C.*, at p. 535.)

In *Blanchard*, *supra*, 43 Cal.App.5th 1020, the court reviewed *Ben C.* and other relevant cases and held that *Anders/Wende* review is not required on appeal from an order finding a criminal defendant incompetent to stand trial and that appellate courts should follow the process identified in *Ben C.* (*Blanchard*, *supra*, at pp. 1024-1026.)

We agree with the reasoning of *Blanchard* as applied to this appeal and decline to exercise our *Ben C.* discretion to conduct an independent review of the record in this case pursuant to *Anders/Wende* or otherwise.

Appointed counsel followed the procedures outlined in *Ben C.* by filing a brief informing the court that he found no arguable issues and setting out the applicable facts and the law. (*Ben C.*, *supra*, 40 Cal.4th at p. 544.) Stemwedel was provided with a copy of the brief and informed of his right to file a supplemental brief. Stemwedel declined to do so. Because no reasonably arguable issues have been raised by counsel or appellant, we dismiss the appeal. (*Blanchard*, *supra*, 43 Cal.App.5th at p. 1026.)

DISPOSITION

The appeal is dismissed.

McCONNELL, P. J.

WE CONCUR:


AARON, J.


IRION, J.

4