Filed 3/23/21  P. v. Parker CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DEWAYNE KEITH PARKER,<br><br>    Defendant and Appellant. | F078198<br><br>(Super. Ct. No. F17902615)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Wayne R. Ellison, Judge.  (Retired Judge of the Fresno Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Peggy A. Headley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

This is an appeal following a finding that defendant Dewayne Keith Parker was incompetent to stand trial and was ordered committed to a state hospital. Defendant made a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) after he was found incompetent but before a placement hearing was held and the order of commitment issued. At the placement hearing, the trial court acknowledged the *Marsden* motion but deferred hearing it until such time as defendant's competency was restored. Defendant claims this was error. Defendant maintains he should have been considered for a mental health diversion program rather than placement at a state hospital, and the maximum term of commitment noted in the placement order exceeded the two-year limit as provided by the recent amendment to Penal Code section 1370, subdivision (c)(1). (Stats. 2018, ch. 1008, § 2, pp. 4–15)[1]

Defendant was restored to competency in March 2019, the criminal proceedings resumed, and upon defendant's plea, judgment was entered in April 2019. We requested briefing from the parties whether this appeal of the August 2018 incompetency finding and the subsequent October 2018 commitment order is moot, and we conclude that it is. For reasons we will explain, there is no adequate remedy that can be fashioned. We cannot correct defendant's placement in the state hospital nor affect his release from the state hospital, which has already occurred. Moreover, to the extent errors were made when the commitment order was issued that were not cured in future proceedings and impacted the judgment of conviction, that judgment is not before us in this appeal.

## FACTUAL SUMMARY

Defendant was charged with two felony counts of resisting an executive officer (§ 69) and a misdemeanor violation of drawing or exhibiting a deadly weapon (§ 417, subd. (a)(1)), all occurring on April 22, 2017. A prior conviction was alleged based on a

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

conviction for vehicular manslaughter, as well as a five-year prior prison term enhancement.

In May 2017, the criminal proceedings were suspended due to doubt about defendant's mental competence to stand trial. Defendant was evaluated in August 2017, and the evaluator opined defendant was incompetent to stand trial. In September 2017, the trial court ruled defendant was incompetent to stand trial and ordered him committed to the state hospital.

Defendant was ultimately transported to a state hospital in March 2018 and treated. By May 2018, defendant was returned to competency and criminal proceedings were reinstated; defendant was transferred back to the Fresno County Jail.

At a hearing on June 20, 2018, defendant's counsel, having had opportunity to speak with defendant at the jail, voiced doubts to the court about defendant's competency. Criminal proceedings were suspended again and a psychological report was ordered. A mental health evaluation of defendant in July 2018 was inconclusive and the competency determination was deferred. A second evaluation was ordered by the court on August 1, 2018.

On August 16, 2018, Dr. Hughes conducted a mental health evaluation of defendant and filed a report indicating defendant was incompetent to stand trial. On August 31, 2018, after receiving Dr. Hughes's report, the court found defendant incompetent to stand trial, continued the suspension of the criminal proceedings, and set a placement hearing for October 1, 2018. The court noted defendant refused to consent to antipsychotic medication and authorized involuntary administration of medication.

On September 27, 2018, defendant filed a notice of appeal. On the form, defendant noted he was appealing orders dated March 2, 2018, and November 22, 2018. Also on the appeal form, defendant stated he was requesting "a … § 995/Letter of modification [section] 1538.5" and that before a plea or conviction, he wished to argue that he had a "granted [section] 995, that was not respected."

3.

At the October 1, 2018, placement hearing, the court continued suspension of the felony and misdemeanor cases pending against defendant and ordered defendant to a state hospital for treatment. The order also noted defendant had consented to the administration of antipsychotic medication as prescribed by a treating psychiatrist. At that hearing, the court also noted defendant had filed a written *Marsden* motion, but reserved ruling on that motion until defendant was restored to competency. Specifically, the court indicated that "defendant, first of all, has filed a written *Marsden* motion with the court. The court is not taking [the] motion in light of his current status of being incompetent to stand trial and I'll reserve that for the state hospital until he is restored to competency." (Italics added.)

It is not clear from the record on appeal what filing was deemed a *Marsden* motion by the trial court. On September 25, 2018, a letter from defendant was received, but was apparently returned to defendant unfiled. This letter appears in the supplemental clerk's transcript, but it does not reference a *Marsden* motion or hearing. The court issued a written order on October 3, 2018, regarding the October 1, 2018, commitment hearing, but the order does not mention a deferred *Marsden* motion.

Another letter from defendant contained in the clerk's transcript is stamped received by Fresno Superior Court on October 4, 2018; among other things, the letter has "Marsden Motion" noted in the caption.[2] The letter asks the court to issue an order that allows defendant to attend court hearings and contains a list of numerous citations, including one to *People v. Solorzano* (2005) 126 Cal.App.4th 1063 (*Solorzano*), a case involving a *Marsden* motion.[3]

---

[2]    This letter is stamped "RECEIVED" on September 27, 2018, by the United States District Court for the Eastern District of California, not Fresno Superior Court.

[3]    The envelope apparently containing this letter is postmarked October 2, 2018; thus, it stands to reason this was not the letter the trial judge referred to at the October 1, 2018, commitment hearing.

On October 9, 2018, defendant filed another handwritten notice of appeal. An October 16, 2018, minute order confirms, by handwritten note, that the trial court was deferring a *Marsden* hearing until mental competency was restored. That order referenced an attached letter/document, but that attachment does not appear with the order, so it is unclear whether this was in response to defendant's October 4, 2018, letter request mentioning *Marsden*.

On appeal, defendant claims there were three errors related to the commitment order. First, although noting a *Marsden* motion had been filed, the trial court erroneously deferred hearing it until such time as defendant was restored to competency. Second, and related to the asserted *Marsden* error, defendant's trial counsel did not seek mental health diversion under section 1001.36 as an alternative to placement at a state hospital. (See § 1370, subd. (a)(1)(B)(iv).)[4] Third, the commitment order references the then-existing three-year maximum term of commitment under former section 1370, subdivision (c)(1), but during defendant's commitment period amended section 1370 went into effect and provides for a two-year maximum term of commitment—the parties agree the amendment applies retroactively and the commitment order should be amended.

## DISCUSSION

### I.      Judicial Notice

Fresno Superior Court's online Case Management and Information System indicates defendant was restored to competency in March 2019, he pled nolo contendere, and was sentenced and released in April 2019. No appeal of that judgment was taken. The parties submitted supplemental letter briefs at our request addressing the

---

**4**      Section 1370, subdivision (a)(1)(B)(iv) provides that "[i]f, at any time after the court finds that the defendant is mentally incompetent and before the defendant is transported to a facility pursuant to this section, the court is provided with any information that the defendant may benefit from diversion pursuant to Chapter 2.8A (commencing with Section 1001.35) of Title 6, the court may make a finding that the defendant is an appropriate candidate for diversion."

5.

appropriateness of taking judicial notice of the superior court's online Case Management and Information System. Neither party objects to the appropriateness of judicial notice in this context, nor is there any argument the online public docket is incorrect or inaccurate. As such, on our own motion, we take judicial notice of the court's Case Management and Information System records for Fresno Superior Court case No. F17902615, which indicate defendant was found competent by the trial court on March 15, 2019, entered a plea, and was sentenced and released from custody on April 15, 2019. (Evid. Code, §§ 452, subds. (c), (d), 459, subd. (a); *Truong v. Nguyen* (2007) 156 Cal.App.4th 865, 872, fn. 3 [taking judicial notice of superior court's docket entries to determine disposition of action]; *People v. Mendoza* (2015) 241 Cal.App.4th 764, 773, fn. 1 [court's online docket are official records of the court].)[5]

## II.   This Appeal is Moot

An order adjudging a criminal defendant incompetent to stand trial under section 1368 et. seq. is immediately appealable as a final judgment. (§ 1237; *People v. Fields* (1965) 62 Cal.2d 538, 540) If, while that appeal is pending, the defendant is returned to competency, the commitment order effectively expires and may moot the appeal. (*People v. Lindsey* (1971) 20 Cal.App.3d 742, 744.)

"As a general rule, an appellate court only decides actual controversies. It is not the function of the appellate court to render opinions ""'"upon moot questions or abstract propositions, or … declare principles or rules of law which cannot affect the matter in issue in the case before it."'"" [Citation.] '[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief.'" (*People v. Rish* (2008) 163 Cal.App.4th 1370, 1380.) Thus, "'[a]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions

---

[5]    This judicial notice does not encompass the truth of the disputed or disputable factual contents of the court's orders, only that the trial court issued these orders.

6.

have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.'" (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404; accord, *People v. DeLong* (2002) 101 Cal.App.4th 482, 486.)

In light of defendant's restoration to competency and subsequent plea and conviction, we asked the parties to address whether the appeal was moot. The People argue it is moot, but defendant disagrees. Defendant argues his return to competency did not moot his appeal of the commitment order because the issues he identifies potentially affected the rest of the proceedings and gave rise to potential collateral consequences that weigh against mootness. Specifically, defendant maintains the failure to hold a *Marsden* hearing may not have been cured after defendant was returned to competency. Therefore, in addition to possible ineffective assistance of counsel with respect to his placement at a state hospital, defendant notes this may also have affected his subsequent plea, sentencing and judgment of conviction.

This is an appeal of a commitment order—it is not an appeal of the judgment of conviction. As defendant has been returned to competency, the commitment order has effectively expired. No order we might fashion can provide a remedy—even if we determined deferring the *Marsden* hearing was prejudicial, we cannot retrospectively unwind defendant's placement at a state hospital or affect his release therefrom since that has already occurred.

Beyond that, the subsequent judgment of conviction entered in April 2019 further moots this court's ability to provide any adequate remedy for consequences that may have accrued later in the proceedings as a result of the asserted errors. Defendant points out it is not clear if he was ever provided a hearing on his *Marsden* motion and contends this court could still reverse his conviction and remand to provide that hearing and/or allow defendant to withdraw his plea and obtain an eligibility hearing for mental health diversion. We have been presented with no authority this court has jurisdiction to issue

7.

orders that would affect or reverse a judgment of conviction that is not before us. (See *People v. Mendez* (1999) 19 Cal.4th 1084, 1094 [a timely notice of appeal, as a general matter, is essential to appellate jurisdiction]; see also *Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 436 ["Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from."].) Moreover, defendant was not precluded from requesting mental health diversion under section 1001.36 at any time after his commitment. For all we know, defendant's trial counsel may have requested the court consider defendant for mental health diversion after defendant's return to competency. We cannot consider potential errors or omissions that may have occurred after the order on appeal was issued based on a record of trial court proceedings we do not have before us. Under these circumstances and in the context of this appeal, we have no ability to fashion a remedy for any of the asserted errors or any other purported collateral consequences.[6]

As a matter of public importance and one that will likely recur but evade review, defendant argues we should address the merits of whether the amended two-year maximum term of commitment under section 1370 applies retroactively.[7] (See *Liberty Mut. Ins. Co. v. Fales* (1973) 8 Cal.3d 712, 715–716 ["If an action involves a matter of

---

[6]    Defendant notes collateral consequences might include the miscalculation of custody credits following defendant's restoration to competency, which could also lead to miscalculation of the fines and fees and the imposition of parole. Defendant does not contend these errors actually occurred, only that they might have occurred. Moreover, it is not clear how these types of issues would be collateral of the trial court's failure to hear a *Marsden* motion.

[7]    Section 1370, subdivision (c)(1), was amended effective January 1, 2019. (Stats. 2018, ch. 1008, § 2, p. 14.) It provides that "[a]t the end of two years from the date of commitment or a period of commitment equal to the maximum term of imprisonment provided by law … whichever is shorter, but no later than 90 days prior to the expiration of the defendant's term of commitment, a defendant who has not recovered mental competence shall be returned to the committing court.…" The parties both contend amended section 1370, subdivision (c)(1), which previously provided for a maximum commitment of three years on a felony charge, applies retroactively to defendant's October 2018 commitment, and the commitment order should be amended to reflect a two-year maximum commitment period.

continuing public interest and the issue is likely to recur, a court may exercise an inherent discretion to resolve that issue, even though an event occurring during its pendency would normally render the matter moot."].)  We decline to do so.  This issue will not necessarily evade review in other cases and it will not recur here.  Further, there is no dispute between the parties to resolve—they agree the amendment to section 1370, subdivision (c)(1), applies retroactively.

## DISPOSITION

This appeal is dismissed as moot.

MEEHAN, J.

WE CONCUR:

FRANSON, Acting P.J.

DeSANTOS, J.

9.