Filed 4/19/22  P. v. Price CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CURTIS PRICE,<br><br>    Defendant and Appellant. | F082935<br><br>(Super. Ct. No. BF180819A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

While facing felony assault and battery charges, Curtis Price (appellant) was found incompetent to stand trial, unlikely to regain competency in the foreseeable future, and ineligible for a conservatorship. Based on these findings, the trial court ordered appellant released from confinement but denied his motion to dismiss the underlying charges.

On appeal, appellant contends the trial court should have granted his motion to dismiss because he was found unlikely to regain competency and ineligible for a conservatorship. Respondent concedes the motion to dismiss should have been granted but contends the appeal should be dismissed as taken from a nonappealable order. We agree the order denying the motion to dismiss is not appealable, but in light of respondent's concession, we elect to treat the appeal as a petition for extraordinary relief, and issue a writ of mandate directing the trial court to grant the motion to dismiss.

# BACKGROUND

The Kern County District Attorney's Office filed a criminal complaint charging appellant with battery causing serious bodily injury (Pen. Code, § 243, subd. (d))[1] and assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)). We need not discuss the facts underlying appellant's conviction in detail because they are not relevant to this appeal.

Appellant was arraigned in custody on May 7, 2020. At his next court appearance, his trial counsel declared a doubt as to his competence to stand trial pursuant to section 1368, and the court suspended criminal proceedings. On July 10, 2020, the court found appellant not competent to stand trial based on the report of a court-appointed mental health examiner, and at the next court hearing, the court ordered appellant committed to the state hospital.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On April 6, 2021, the trial court received a report pursuant to section 1370, subdivision (b)(1) from the director of appellant's treatment facility opining "there is no substantial likelihood [appellant] will achieve trial competence in the foreseeable future." At the hearing on April 12, 2021, the parties stipulated to the report, and the court referred appellant to the county conservator's office for evaluation for a possible conservatorship.

On May 4, 2021, the conservator's office submitted a report opining appellant does not qualify for a conservatorship because he is not "gravely disabled" within the meaning of Welfare and Institutions Code section 5008, subdivision (h)(1)(A). On May 13, 2021, the court found appellant ineligible for a conservatorship and ordered him released from custody.

The next day appellant filed a motion to dismiss pursuant to section 1385, contending the trial court was required to dismiss upon the finding he was unlikely to regain competency and was ineligible for a conservatorship. Appellant further requested the court dismiss the matter with prejudice, claiming refiling of charges would serve no purpose. On June 3, 2021, the trial court denied the motion, stating: "I do think the [c]ourt has discretion on whether or not this case should be dismissed. I don't believe it's mandatory. On this one, I'm going to deny the request."

Based on the record before this court, appellant remains out of custody, and the underlying criminal matter is still pending with no future court dates set.

## DISCUSSION

**I.      This appeal is taken from a nonappealable order. However, we exercise our authority to treat the appeal as a petition for extraordinary relief.**

**A.      Appealability.**

" 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' " (*People v. Mazurette* (2001) 24

Cal.4th 789, 792.) Appeals by criminal defendants are governed by section 1237, which states, in pertinent part:

> "An appeal may be taken by the defendant from both of the following:
>
>> "(a) … from a final judgment of conviction. A sentence, an order granting probation, or the commitment of a defendant for insanity, the indeterminate commitment of a defendant as a mentally disordered sex offender, or the commitment of a defendant for controlled substance addiction shall be deemed to be a final judgment within the meaning of this section….
>>
>> "(b) From any order made after judgment, affecting the substantial rights of the party."

"Section 1237 thus establishes the general rule that a criminal defendant can appeal only from final judgments and those orders deemed by statute to be final judgments." (*People v. Mazurette*, *supra*, 24 Cal.4th at p. 792.)

Here, there has been no final judgment, as appellant has not been sentenced, granted probation, or subjected to a commitment described in section 1237, subdivision (a). Moreover, there is no statutory authority allowing a defendant to take an appeal from the trial court's interlocutory order denying the motion to dismiss. However, appellant contends that the trial court's order committing appellant to the state hospital constitutes a final judgment, and the order denying his motion to dismiss is an appealable postjudgment order affecting his substantial rights.

In *People v. Fields* (1965) 62 Cal.2d 538, 542, our high court held that "an order adjudicating the defendant to be [incompetent] and committing him to a state hospital until [he regains competence] is appealable as a final judgment in a special proceeding." "The holding in *Fields* was based on Code of Civil Procedure former section 963, subdivision 1, which authorized an appeal 'from a final judgment entered in a special proceeding.' [Citation.] The currently applicable successor to this statute does not refer

4.

to special proceedings and merely authorizes an appeal '[f]rom a judgment.'  (Code Civ. Proc., § 904.1, subd. (a)(1).)"  (*People v. Christiana* (2010) 190 Cal.App.4th 1040, 1045–1046.)  "However, the Supreme Court has held that '[t]he meaning is the same.' "  (*People v. Christiana*, at p. 1046, quoting *Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304.)

Although a competency determination and commitment order is appealable as a special proceeding, the scope of the appeal is limited to that proceeding.  (*People v. Murphy* (1969) 70 Cal.2d 109, 115.)  In *Murphy*, our high court explained this limitation in the analogous context of a commitment for narcotics addiction pursuant to Welfare and Institutions Code former section 3051.  There, the defendant pled no contest to marijuana possession.  (*People v. Murphy*, at p. 113.)  Prior to sentencing, the People initiated commitment proceedings, and the court found the defendant "in imminent danger of addiction" and ordered him committed to a rehabilitation program.  (*Id.* at pp. 113–114.)  On appeal, the defendant sought to challenge both the criminal conviction and the civil commitment.  (*Id.* at p. 114.)  The court concluded the scope of the appeal was limited to the civil commitment, stating:  "But what he could not do—as [the] defendant has here attempted—was to use his right to appeal from the order of *civil* commitment as yet another vehicle to attack his criminal conviction.  [Citations.]  Both in form and in substance, the civil commitment proceedings are wholly distinct from the criminal prosecution.  The commitment order is appealable only because it is deemed to be a final judgment in a 'special proceeding' [citations], and the contours of that proceeding delimit the scope of its review:  'in such appeal he may base error only on the lack of jurisdiction of the trial court to institute commitment proceedings or the invalidity of the proceedings culminating in the order itself.' "  (*Id.* at pp. 114–115, fn. omitted.)  The court also explained that review of the judgment of conviction would have been premature because the defendant had not been sentenced.  (*Id.* at p. 115.)

5.

The instant appeal is taken from an order denying a motion to dismiss a criminal case. While the motion to dismiss is related to the consequences of the trial court finding appellant incompetent to stand trial, it does not challenge the validity of those proceedings. Therefore, the order denying the motion to dismiss is not appealable as part of appellant's competency proceedings because it does not fall within the scope of those proceedings.

## B.    Extraordinary Relief.

An appellate court must ordinarily dismiss an appeal taken from a nonappealable order for lack of appellate jurisdiction. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696; *Efron v. Kalmanovitz* (1960) 185 Cal.App.2d 149, 152.) "However, a purported appeal from a nonappealable order may be treated by the appellate court as a petition for extraordinary relief." (*Conlan v. Shewry* (2005) 131 Cal.App.4th 1354, 1365.)

While the power to treat an appeal as an extraordinary writ should not be exercised "except under unusual circumstances" (*Olson v. Cory* (1983) 35 Cal.3d 390, 401), we conclude such circumstances are present here. As explained below, respondent concedes the trial court should have granted appellant's motion to dismiss. Moreover, while this appeal was pending, we informed the parties we were considering treating the instant appeal as a writ petition and granted them leave to respond. In a responsive brief, respondent requested the court treat the appeal as a writ petition "so that it may dispose of the matter in a practical manner and in the interests of justice."[2] Considering respondent's concession and response, we conclude requiring appellant to dismiss the appeal only to file a writ petition to achieve the same remedy would be " ' "unnecessarily

_____

[2]      Appellant did not file a response.

6.

dilatory and circuitous." ' " (*Olson v. Cory*, *supra*, 35 Cal.3d at p. 401.) Accordingly, we treat the appeal as a petition for writ of mandate.

**II.    We accept respondent's concession and issue a writ of mandate directing the trial court to grant appellant's motion to dismiss.**

Appellant and respondent agree the trial court should have granted appellant's motion to dismiss. Both parties rely on *People v. Quiroz* (2016) 244 Cal.App.4th 1371, 1377, which states that after a defendant is returned to the trial court upon a finding of no substantial likelihood of recovering mental competence, "the trial court may determine only whether to initiate Murphy conservatorship proceedings, dismiss the charges against the defendant and order him released from confinement, or dismiss the charges and initiate other appropriate commitment proceedings under the [Lanterman-Petris-Short] Act." Under this framework, the trial court was required to dismiss the case because appellant was found ineligible for a conservatorship. Therefore, in light of *Quiroz*, we accept respondent's concession and issue a peremptory writ of mandate directing the trial court to grant appellant's motion to dismiss.

We clarify that our grant of relief does not extend to appellant's request in the trial court to dismiss with prejudice. As noted above, in appellant's motion to dismiss, he made the additional request that the trial court "bar the prosecution from refiling charges in the future." Appellant does not renew this request on appeal, and we are unaware of any authority compelling such a remedy.

## DISPOSITION

Treating the instant appeal taken from the trial court's June 3, 2021, order denying appellant's motion to dismiss as a petition for writ of mandate, let a peremptory writ of mandate issue directing the trial court to vacate its order denying the motion to dismiss and issue a new order granting the motion to dismiss. The trial court's order dismissing

the action shall be without prejudice to the People refiling charges pursuant to section 1387.

LEVY, Acting P. J.

WE CONCUR:

POOCHIGIAN, J.

SNAUFFER, J.

8.