Filed 5/16/23  P. v. Mosqueda CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JASON IVAN MOSQUEDA,<br><br>　　　Defendant and Appellant. | A166072<br><br>(Contra Costa County Super. Ct. No. 02003338522) |

Jason Ivan Mosqueda appeals from orders finding him not competent to stand trial and committing him to the Department of State Hospitals (DSH) pursuant to Penal Code section 1370 et seq.[1]  His appointed appellate counsel filed a brief setting forth the applicable facts and law pursuant to *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*) and *People v. Blanchard* (2019) 43 Cal.App.5th 1020, 1026 (*Blanchard*).  Appointed counsel informed Mosqueda that he could file a supplemental brief, but Mosqueda has not done so.  Our discretionary review of the record discloses no arguable issues, and we therefore affirm.

---

[1] Further statutory references will be to the Penal Code.

1

## BACKGROUND

A complaint filed on January 6, 2021, charged Mosqueda with one felony count of murder (§ 187, subd. (a)) and one misdemeanor count of disobeying a protective order (§ 273.6, subd. (a)). It was further alleged that in committing these offenses Mosqueda violated probation in three prior cases. Mosqueda entered a plea of not guilty on January 15, 2021. The preliminary hearing was set for February 26, 2021, then continued multiple times.

On December 15, 2021, defense counsel expressed a doubt as to Mosqueda's competency (§ 1368). Based on defense counsel's comments and the court's own observations, the court suspended criminal proceedings pursuant to sections 1367 and 1368.[2] On January 5, 2022, the court appointed Alexis Smith, Psy.D., and Sumandeep Kaur, Psy.D., to evaluate Mosqueda. Initially, neither was able to render an opinion, and they were subsequently reappointed to review additional material. Both thereafter submitted reports concluding Mosqueda was not competent to stand trial.

On July 20, 2022, the parties submitted on the competency reports. Based on the reports, the court found Mosqueda was not presently able to understand the nature and purpose of the proceedings against him and not able to assist and cooperate with counsel in presenting a defense. The court referred Mosqueda to the Contra Costa Conditional Release Program (CONREP) for a placement recommendation. (§ 1370, subd. (a)(2)(A).) On August 17, 2022, consistent with the CONREP recommendation, the court

---

[2] The court also suspended criminal proceedings in two other cases after noting that a doubt had been declared only in the present case and confirming that counsel declared a doubt in the other two as well.

2

committed Mosqueda to the DSH for a maximum of two years.  (§ 1370, subd. (c)(1).)

Mosqueda filed a notice of appeal on July 25, 2022.[3]

## DISCUSSION

In *Ben C.*, our Supreme Court held that "[i]f appointed counsel in a conservatorship appeal finds no arguable issues, counsel . . . should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law." (*Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. omitted.)  In addition, "[t]he conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief." (*Id.* at p. 544, fn. 6.)  The reviewing court may then dismiss the appeal if there are no arguable issues.  (*Id.* at p. 544.)  The *Ben C.* procedure applies to appeals of competency proceedings.  (*Blanchard, supra,* 43 Cal.App.5th at pp. 1025-1026.)

Here, Mosqueda's appointed appellate counsel followed *Ben C.* and *Blanchard*, as well as the procedures described in *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232 [procedures for no-issues appeal from denial of relief under post-sentencing ameliorative statutory amendments].)  Counsel reviewed the record, found no arguable issues and so informed Mosqueda; filed his brief in this court and served Mosqueda with a copy; informed Mosqueda that he could file a supplemental brief and that the appeal would likely be dismissed if he did not do so; and provided Mosqueda with the transcripts in the record on appeal.  Counsel recognizes that, under

---

[3] This notice of appeal was premature (*People v. Fields* (1965) 62 Cal.2d 538, 542 [order finding defendant incompetent to stand trial not appealable]) but, after Mosqueda was committed to DSH, we elected to treat the notice of appeal as having been filed immediately after the commitment order (Cal. Rules of Court, rule 8.308(c)).

*Blanchard,* we are not required to independently review the record, but asks us to exercise our discretion to conduct an independent review. (*Ben C., supra,* 40 Cal.4th at p. 544, fn. 7 [appellate court may choose to retain an appeal rather than dismiss it; *Delgadillo,* at p. 232 [court retains discretion to conduct independent review of record].)

We have reviewed the record. The finding that Mosqueda was not competent to stand trial was supported by substantial evidence. The commitment ordered by the court is authorized by law and supported by CONREP's recommendation. Mosqueda was represented by able counsel.

## DISPOSITION

The orders finding Mosqueda incompetent to stand trial and committing him to the Department of State Hospitals are affirmed.

_____

STEWART, P.J.

We concur.

_____

RICHMAN, J.

_____

MARKMAN, J. *

*People v. Mosqueda* (A166072)

\* Judge of the Alameda Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.