Filed 2/27/24  P. v. Casciaro CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JIOVANNI BENJAMIN CASCIARO,<br><br>Defendant and Appellant. | C098534<br><br>(Super. Ct. No. LODCRFE20220010249) |

Defendant Jiovanni Benjamin Casciaro appeals from an order committing him to the Department of State Hospitals for competency restoration pursuant to Penal Code[1] section 1370.[2]  His appointed counsel filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any

_____

[1]  Further undesignated statutory references are to the Penal Code.

[2]  The commitment order is appealable.  (*People v. Fields* (1965) 62 Cal.2d 538, 540-541; *People v. Christiana* (2010) 190 Cal.App.4th 1040, 1045-1046.)

1

arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm.

## I. BACKGROUND

In October 2022, defendant was charged with carjacking (§ 215, subd. (a)—count 1), unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)—count 2) with a prior vehicle theft conviction (§ 666.5, subd. (a)), driving under the influence of drugs (Veh. Code, § 23152, subd. (f)—count 3) with a conviction for the same offense within the prior 10 years (Veh. Code, § 23540). Defendant pled not guilty and denied the enhancement allegations.

In November 2022, defendant's appointed counsel declared a doubt as to his competency pursuant to section 1368. The trial court suspended criminal proceedings and appointed an expert forensic psychologist, Dr. Marine Jakubowski, to examine defendant under sections 1368 and 1369.

On December 16, 2022, Dr. Jakubowski attempted to meet with defendant, but he refused. According to her report, Correctional Health Facility documentation showed that defendant generally refused contact with mental health staff and denied having a history of mental health symptoms or treatment. At that time, defendant did not have a mental health diagnosis nor was there documentation of a psychotropic medication prescription. Citing time constraints and defendant's history of refusing appointments and mental health services, Dr. Jakubowski informed the court that she would not attempt to interview defendant before the next court date and that she would not be submitting a competency report.

At a hearing on December 20, 2022, the trial court ordered a medication evaluation and reordered Dr. Jakubowski to attempt to evaluate defendant. Defendant subsequently refused to attend the rescheduled evaluation on December 30, 2022. Based on a review of Correctional Health Facility documentation, Dr. Jakubowski informed the

court that on December 7 defendant was diagnosed with a mental health disorder not otherwise specified; no other additional rationale or diagnostic clarification was given. The previous month, defendant had been observed resting inside his mattress because he reported being cold as they allegedly "took [his] blanket from [him]." Defendant appeared calm and receptive to information provided; he stated he was "fine" and did not "need you or to answer any questions." Due to time constraints and defendant's history of refusing appointments and mental health services, Dr. Jakubowski reported she would not make another attempt to interview defendant prior to his next court date.

Because Dr. Jakubowski had been unable to interview defendant at the jail, the trial court vacated the appointment and appointed Dr. Gary Cavanaugh to evaluate defendant at the courthouse. Defendant was scheduled for a medication evaluation in January 2023, but he refused to cooperate with the clinic process.

On January 18, 2023, Dr. Cavanaugh interviewed defendant at the courthouse. In a February 2023 report, Dr. Cavanaugh provisionally opined that defendant suffered from antisocial personality disorder or personality disorder, unspecified, with antisocial/dissocial traits. He also believed that defendant had a moderately severe methamphetamine use disorder and moderate alcohol use disorder. Defendant was uncooperative, sometimes intentionally so, and at other times he was disorganized; according to Dr. Cavanaugh, defendant had a marginal ability to understand the nature and purpose of the criminal proceedings, and his ability to express that understanding was impaired.

Dr. Cavanaugh did not believe defendant was able to cooperate with counsel in a rational fashion and deemed him incompetent to stand trial pursuant to section 1368. Based on the available information, Dr. Cavanaugh reported that defendant required treatment with antipsychotic medication, that given his lack of cooperativeness and his disorganization defendant was not capable of refusing such medication, and that if he

3

were medicated it was more possible than not that defendant would be restored to at least marginal competency.

At a hearing on February 9, 2023, counsel stipulated to submit the competency issue based on Dr. Cavanaugh's evaluation.  Based on his competency report, the trial court found defendant incompetent and referred him to the San Joaquin County Behavioral Health Services (Behavioral Health) community program director (CONREP) for a placement report and recommendations.  The matter was set for a placement report in March.

On March 2, 2023, Behavioral Health submitted an inconclusive placement report, requesting an additional opportunity to interview defendant to determine whether a community program could meet his needs rather than placement in the State Hospital. According to the report, defendant had declined to meet for the placement interview.  At a hearing on March 2, the court encouraged defendant to talk to Behavioral Health and continued the matter although defendant said he did not want to talk to anyone but would not agree to treatment in the State Hospital.

Behavioral Health submitted a second report dated March 6, 2023.  Defendant had again refused to meet for a placement interview.  Behavioral Health therefore recommended that defendant be remanded for inpatient treatment for care, treatment, and restoration to competence at any facility deemed appropriate by the Department of State Hospitals.

At a hearing on March 14, 2023, the trial court considered the placement issue. Defense counsel requested a medication evaluation under *Sell v. United States* (2003) 539 U.S. 166 (*Sell*).  The court ordered Dr. Cavanaugh to conduct the *Sell* evaluation to involuntarily medicate defendant.

The court conducted a *Sell* hearing on March 29, 2023.  Dr. Cavanaugh testified that because defendant ended his interview shortly after it commenced, he was unable to fully diagnose defendant or opine on whether he needed antipsychotic medication.  The

court sustained an objection to Dr. Cavanaugh's opinion for lack of foundation, but declined to strike the testimony because, in the court's view, his answer "essentially proves your point."

Priscilla Kavanagh, a licensed professional clinical counselor and the community program director for CONREP, testified that her duties included making placement decisions for persons found incompetent. Although she attempted to interview defendant, he refused to meet with her. Based on the testimony, defense counsel argued that defendant should be treated in the community by CONREP rather than in the State Hospital.

After Kavanagh's testimony, the parties argued over whether defendant's alleged offenses precluded him from potential outpatient placements under sections 1600 and 1601.[3] Following argument, and considering the allegations against defendant, the trial court ordered him remanded to the Department of State Hospitals with a referral for the patient management unit. Although the trial court did not find that defendant was

---

[3] Section 1600 provides in relevant part: "Any person committed to a state hospital or other treatment facility under [certain identified statutory provisions] may be placed on outpatient status from that commitment subject to the procedures and provisions of this title, except that a developmentally disabled person may be placed on outpatient status from that commitment under the provisions of this title as modified by Section 1370.4."

Section 1601, subdivision (a) partly provides: "When a person charged with and found incompetent on a charge of . . . robbery or carjacking with a deadly or dangerous weapon or in which the victim suffers great bodily injury . . . or any felony involving death, great bodily injury, or an act which poses a serious threat of bodily harm to another person, outpatient status under this title shall not be available until that person has actually been confined in a state hospital or other treatment facility for 180 days or more after having been committed under the provisions of law specified in Section 1600, unless the court finds a suitable placement, including, but not limited to, an outpatient placement program, that would provide the person with more appropriate mental health treatment and the court finds that the placement would not pose a danger to the health or safety of others, including, but not limited to, the safety of the victim and the victim's family."

excluded from potential outpatient placements, it concluded that because defendant refused to participate in outpatient treatment, the only remaining option was the Department of State Hospitals for competency training. Regarding the *Sell* hearing, the court found that defendant retained the right to refuse antipsychotic medication. On April 6, 2023, the court entered a judgment of mental incompetence and order for commitment under section 1370 in accordance with its ruling at the hearing. Defendant timely appealed.

## II. DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed, and we received no communication from defendant.

After independently examining the record, we find no arguable error that would result in a disposition more favorable to defendant. However, we have identified a clerical error in the judgment of mental incompetence and order of commitment that must be corrected.

The trial court orally found that defendant retained the right to refuse antipsychotic medication. While the last page of the judgment included a checked box in accordance with the court's oral ruling, indicating that "[d]efendant retains his/her right to refuse antipsychotic medication," the first page of the judgment includes a checked box stating that the court found defendant incompetent to refuse antipsychotic medication. Given the trial court's oral pronouncement at the hearing finding defendant retained the right to refuse antipsychotic medication, it appears the box on the first page of the judgment was checked in error. Because the court's oral pronouncement controls (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385), we shall direct the judgment be corrected accordingly.

## III. DISPOSITION

The judgment of mental incompetence and order for commitment is affirmed. The clerk of the trial court is directed to correct the judgment and ordered to uncheck the box stating the "Court Finds Defendant Incompetent to Refuse" on the first page under the heading "Antipsychotic Medications," and to instead check the box under that same heading stating, "Defendant Retains Right to Refuse." The clerk shall forward a copy of the corrected judgment and order to the Department of State Hospitals.

/S/

---
RENNER, J.

We concur:

/S/

---
HULL, Acting P. J.

/S/

---
MAURO, J.

7