Filed 4/14/23  P. v. Boyle CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ELIZABETH BOYLE,<br><br>Defendant and Appellant. | F084686<br><br>(Super. Ct. No. BF188854A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Chad A. Louie, Judge.

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Franson, J. and Smith, J.

Appointed counsel for defendant Elizabeth Boyle asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of her right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. We dismiss the appeal as moot.

## BACKGROUND

On May 25, 2022, after criminal proceedings were suspended, the trial court found defendant incompetent to stand trial and ordered her committed to the State Department of State Hospitals pursuant to Penal Code section 1370.[1] On July 21, 2022, defendant filed a notice of appeal.

While this appeal was pending, however, defendant was restored to competency and, on September 15, 2022, she pled no contest to criminal threats (§ 422). The remaining charges against her were dismissed. On October 14, 2022, the trial court imposed the agreed-upon low term of 16 months, a term satisfied by defendant's presentence custody credits, and released her on parole.

## DISCUSSION

" ' "[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." [Citation.]' " (*People v. Delong* (2002) 101 Cal.App.4th 482, 486.) In the criminal context, appeal is permitted where a defendant who has completed his or her sentence has an interest in clearing his or her name, or where, as a result of the sentence, the law imposes "disadvantageous collateral consequences" on the defendant. (*People v. Lindsey* (1971) 20 Cal.App.3d 742, 744 (*Lindsey*); see 6 Witkin & Epstein, Cal. Criminal Law (4th ed. 2022) Criminal Appeal, § 187.)

---

[1] All statutory references are to the Penal Code.

2.

In *Lindsey*, the defendant was found insane in 1971 within the meaning of sections 1367 to 1370. The trial court suspended criminal proceedings and committed the defendant to a state hospital for care and treatment. The defendant appealed the finding of insanity, but, during the pendency of the appeal, he was certified sane. He was returned to the court and criminal charges were set for trial. (*Lindsey*, *supra*, 20 Cal.App.3d at p. 743.)

The *Lindsey* court, holding that the appeal was moot, explained: "The order of commitment made May 21, 1971, is an appealable judgment. [Citation.] Since a person committed under … section 1370 must be held until he becomes sane, such a commitment may result in a permanent deprivation of liberty. In this case the superintendent's certification of sanity terminates the commitment, leaving no prejudicial consequences which could be ameliorated by a successful appeal…. [¶] … [¶] [T]he [commitment] order appealed from determined nothing except that, as of May 1971, defendant was disabled mentally to the extent that it would be unfair to require him to defend himself against the pending charges of crime. This decision did not determine that defendant was insane in any other use of the term, or that he was suffering from any particular type of mental illness or defect. [Citation.] The certificate of [sanity] … attests that defendant is no longer under … a [mental] disability. The law imposes no disadvantageous collateral consequences upon one whose trial has had to be postponed by reason of such a temporary disability. In the event defendant is convicted, the fact that he had been so disabled in May 1971 should not affect the kind of sentence imposed by the trial court. If defendant's mental state is considered in future proceedings, the issue will turn upon what that state is found to be as of the relevant time, and not the fact that an order was [previously] made under … section 1370. If any social opprobrium is thought to attach by reason of the commitment, that is nothing which is likely to be relieved by an appellate decision. The temporary commitment is nothing from which

3.

defendant needs to 'clear his name.' " (*Lindsey*, *supra*, 20 Cal.App.3d at pp. 743–745; see *People v. Delong*, *supra*, 101 Cal.App.4th at p. 489, citing *Lindsey*.)

In this case, as in *Lindsey*, the May 25, 2022 incompetency finding imposes no disadvantageous collateral consequences on defendant, even though it caused a temporary delay in the disposition of her criminal case while her competency was being restored. No meaningful relief can be provided through a review of the incompetency finding and thus this appeal is moot. (*Lindsey*, *supra*, 20 Cal.App.3d at pp. 744–745.) Accordingly, we dismiss the appeal.

## **DISPOSITION**

The appeal is dismissed as moot.