Filed 3/27/24  P. v. K.W. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>K.W.,<br><br>      Defendant and Appellant. | D083263<br><br><br>(Super. Ct. No. FWV22004237) |

APPEAL from an order of the Superior Court of San Bernardino County, Joseph B. Widman, Judge.  Dismissed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

MEMORANDUM OPINION

K.W. appeals an order committing him to the Department of State Hospitals (DSH) pursuant to Penal Code,[1] section 1370.  However, during the pendency of this appeal, the trial court approved a certificate of restoration

---

[1]    All further undesignated statutory references are to the Penal Code.

and ordered the criminal proceedings against K.W. reinstated.  We conclude that with K.W.'s restoration to competency and the reinstatement of criminal proceedings, this appeal is moot.  We therefore dismiss the appeal.[2]

## BACKGROUND

In November 2022, the Office of the San Bernardino District Attorney charged K.W. with two counts of robbery (§ 211) and one count of resisting, obstructing, or delaying a peace officer (§ 148, subd. (a)(1)), along with an allegation he suffered three prior serious or violent felony convictions (§§ 1170.12, subds. (a)–(d); 667, subds. (b)–(i)).  At a hearing in July 2023, K.W.'s counsel declared a doubt as to K.W.'s competency, and the trial court suspended criminal proceedings pursuant to section 1368.  On August 11, 2023, the trial court found K.W. incompetent to stand trial, and on September 8, 2023, ordered him committed to DHS for a two-year maximum term.  (§§ 1369, 1370.)  While the instant appeal was pending, the trial court reinstated criminal proceedings after finding that K.W.'s competency to stand trial was restored.[3]

## DISCUSSION

On appeal, K.W.'s counsel filed an opening brief asking this court to conduct an independent review of the record pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  In making this request, counsel argues that due process

---

[2]    Since this case raises no substantial issues of law or fact, we resolve the case by memorandum opinion and do not elaborate on factual or procedural background beyond what is required for our analysis.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851–854.)

[3]    On our own motion, we augment the record to include the December 22, 2023, minute order finding K.W. competent to stand trial and reinstating criminal proceedings.  (Cal. Rules of Court, rule 8.155(a)(1)(A).)

considerations may require application of the procedures set forth in *Wende/Anders* to an order of judicial commitment pursuant to section 1370. (See *Conservatorship of Ben C.* (2007) 40 Cal.4th 529.) Counsel acknowledges, however, that this court may dismiss the appeal as moot because the trial court already reinstated criminal proceedings after terminating K.W.'s state hospital commitment due to restoration of his competency.

We granted K.W. the opportunity to file a supplemental brief on his own behalf, which he did. K.W. does not address whether his challenge on appeal is moot due to the reinstatement of criminal proceedings. Rather, he asserts various ineffective assistance of trial and appellate counsel claims.

" ' "[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." ' " (*People v. Delong* (2002) 101 Cal.App.4th 482, 486.)

For example, in *People v. Lindsey* (1971) 20 Cal.App.3d 742, 744 (*Lindsey*), the court dismissed an appeal where the defendant, who challenged his commitment to the state hospital, was found able to stand trial and criminal proceedings were reinstated. The court explained, "[t]he law imposes no disadvantageous collateral consequences upon one whose trial has had to be postponed by reason of such a temporary disability. In the event defendant is convicted, the fact that he had been so disabled . . . should not affect the kind of sentence imposed by the trial court. If defendant's mental state is considered in future proceedings, the issue will turn upon what that state is found to be as of the relevant time, and not the fact that an

3

order was made [regarding his mental incompetency in the past]." (*Id.* at p. 744.)

Here, as in *Lindsay*, the criminal proceedings against K.W. resumed after the trial court found his competency had been restored. The trial court's order committing K.W. to DSH imposes no disadvantageous collateral consequences for which effective relief may now be provided on appeal, and the appeal is, therefore, moot. Although we retain discretion to address the merits of the appeal if it raises an important issue that is capable of repetition yet tends to evade review, no such issue has been raised here. (See *Conservatorship of Carol K.* (2010) 188 Cal.App.4th 123, 133 ["appeal is not moot if it raises issues that are capable of repetition yet avoiding review."].) Accordingly, we dismiss the appeal as moot.

DISPOSITION

The appeal is dismissed.

RUBIN, J.

WE CONCUR:

BUCHANAN, Acting P. J.

CASTILLO, J.

4